PEOPLE *v.* JIMMIE SMITH

1. CRIMINAL LAW—JUVENILES—PLEA OF GUILTY—LESSER INCLUDED OFFENSE.

  The circuit court may properly accept a juvenile defendant's plea of guilty of a lesser included felony of the felony waived by the juvenile court.

2. CRIMINAL LAW—JUVENILES—PLEA OF GUILTY—LESSER INCLUDED OFFENSE.

  Juvenile defendant's plea of guilty of unarmed robbery was properly accepted where the juvenile court had waived jurisdiction on the charge of armed robbery.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 July 27, 1971, at Grand Rapids. (Docket No. 10519.) Decided August 25, 1971.

Jimmie Smith was convicted, on his plea of guilty, of unarmed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 494.

Before: Holbrook, P. J., and Fitzgerald and
T. M. Burns, JJ.

Per Curiam. Out of the same incident the defendant, a juvenile, was charged with four offenses including the crime of robbery armed. The juvenile court waived jurisdiction over him and after a preliminary examination he was bound over in Recorder's Court for the City of Detroit on the aforementioned charges. On August 20, 1970, the defendant while represented by counsel pled guilty to the crime of unarmed robbery contrary to MCLA § 750-.530 (Stat Ann 1954 Rev § 28.798). He appeals of right. The people have moved to affirm.

Defendant's sole contention on appeal is that the lower court erred in accepting his plea to unarmed robbery because a juvenile cannot plead guilty to a lesser offense not specifically waived by the juvenile court. In support of his contention defendant cites *People* v. *Hoerle* (1966), 3 Mich App 693, and an opinion of the Michigan Attorney General. OAG 1965–1966, No 4502, p 184 (December 3, 1965).

We have carefully examined the authorities cited by the defendant and find no support in them for his position. *People* v. *Hoerle, supra,* simply held that a juvenile defendant over whom jurisdiction was waived on one charge could not be charged with a greater offense in the circuit court. The Attorney General's opinion held that such a juvenile could not plead guilty to a lesser included misdemeanor because the juvenile court may only waive jurisdiction over felonies. Since the instant defendant pled guilty to a lesser included felony neither authority controls. The procedure employed in the instant case was clearly proper.

The motion to affirm is granted.