PEOPLE v VELING

PEOPLE v HILL

Docket Nos. 93321, 93406. Argued January 13, 1993 (Calendar Nos. 5-6). Decided July 13, 1993.

> Benjamin T. Veling, aged fifteen, was charged as an adult in the Oakland Circuit Court, pursuant to MCL 600.606; MSA 27A.606, the automatic waiver statute, with assault with intent to commit murder, and subsequently was convicted by a jury of the lesser included offense of assault with intent to do great bodily harm less than murder. The court, Alice L. Gilbert, J., on its own initiative, remanded the case to the probate court for sentencing. The Court of Appeals, SHEPHERD, P.J., and MICHAEL J. KELLY and JANSEN, JJ., vacated the order and remanded the case to the circuit court (Docket No. 146386). The defendant appeals.

> William D. Hill, aged sixteen, was charged in the Jackson Circuit Court as an adult, pursuant to the automatic waiver statute, with assault with intent to commit murder, carrying a concealed weapon, carrying a concealed weapon with unlawful intent, three counts of possession of a firearm during the commission of a felony, and possession of cocaine. The court, Gordon W. Britten, J., granted the defendant's motion to quash all but the assault charge on the ground that the court lacked jurisdiction over the other charges. The Court of Appeals, DOCTOROFF, P.J., and MARILYN J. KELLY and JANSEN, JJ., denied leave to appeal (Docket No. 147853). The people seek interlocutory leave to appeal.

> In an opinion by Justice BRICKLEY, joined by Chief Justice CAVANAGH, and Justices BOYLE, RILEY, GRIFFIN, and MALLETT, the Supreme Court held:

> Circuit courts have jurisdiction to sentence juveniles charged with enumerated offenses, but convicted of nonenumerated lesser included offenses, and to try and sentence juveniles charged with both enumerated and nonenumerated offenses arising out of the same criminal transaction.

> 1. The automatic waiver statute, MCL 600.606; MSA 27A.606, provides circuit courts with jurisdiction to hear and determine certain enumerated offenses committed by juveniles,

aged fifteen and less than seventeen, without first obtaining waiver from the probate court. The Code of Criminal Procedure is silent concerning the proper procedure following a conviction for a lesser included offense or for juveniles charged with nonenumerated offenses arising out of the same transaction as an enumerated offense. However, a construction of that silence requiring remand of these cases to the probate court for disposition is untenable.

2. Where a circuit court acquires jurisdiction of a defendant because of a felony charge, its jurisdiction is not lost because of a subsequent conviction of a lesser included misdemeanor. It would be absurd to force a court to try a case on the merits only to determine at the outcome whether it had jurisdiction to try the case in the first place. Providing circuit courts with jurisdiction to convict a juvenile of nonenumerated offenses arising out of charged enumerated offenses and of same transaction offenses even though the circuit court had original jurisdiction over only some of the offenses, provides the greatest flexibility in dealing with juvenile offenders.

3. Evidence adduced at trial determines the duty to instruct regarding lesser included offenses. If the evidence presented would support a conviction of a lesser included offense, it is error requiring reversal to refuse to give a requested instruction. Moreover, if the lesser offense is one that is necessarily included in the charged offense, the evidence always supports the lesser offense if it supports the greater.

4. To avoid double jeopardy, all charges against a defendant that arise out of a single criminal act, occurrence, episode, or transaction must be brought in one prosecution. Logic suggests that the Legislature did not intend to create inconsistency between the automatic waiver statute and double jeopardy protection. Rather, because the Legislature intended to treat juvenile offenders who engage in serious criminal activity more harshly and more like adults, it is to be assumed that it intended to treat juveniles like adults for all crimes arising out of enumerated criminal activity.

5. In *Hill*, the order to quash the nonenumerated counts must be vacated and the case remanded to the circuit court for trial of all charges.

6. In *Veling*, the order to remand to the probate court for disposition must be vacated and the court ordered to conduct a hearing to determine if the best interests of the defendant and the public would be served by remanding the case to the probate court for disposition or by sentencing him as an adult.

*Hill*, order vacated.

*Veling,* order vacated.

Justice LEVIN, concurring in part and dissenting in part, stated that the circuit court in *Hill* lacked jurisdiction to convict the defendant of the lesser included offense. Jurisdiction over juveniles, superior to that of any other court, is expressly and exclusively vested in the juvenile division of the probate court by MCL 712A.2; MSA 27.3178(598.2), subject to exceptions enumerated in MCL 600.606; MSA 27A.606, granting the circuit court jurisdiction to determine violations of certain offenses committed by juveniles. Once a juvenile is charged with an enumerated felony, the probate court's jurisdiction is not automatically waived for all other felonies under a theory of pendent or ancillary jurisdiction in the circuit court, and the prosecutor must initiate probate court waiver proceedings in order to charge a juvenile defendant with nonenumerated felonies in the circuit court.

*People v Deans,* 192 Mich App 327; 480 NW2d 334 (1991), overruled in part.

*People v Spearman,* 195 Mich App 434; 491 NW2d 606 (1992), overruled in part.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people in *Veling.*

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Joe Filip,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Chief, Appellate Division, for the people in *Hill.*

*William E. Ziem* for defendant Veling.

*Mazur, Matyjaszek & Brandt, P.C.* (by *Alfred P. Brandt*), for defendant Hill.

BRICKLEY, J. In 1988, the Michigan Legislature passed a package of laws that modified the manner in which courts treat the jurisdiction, adjudication, and treatment or punishment of juvenile offenders.

Among the many changes was an amendment of the Revised Judicature Act giving the state's circuit courts automatic jurisdiction to hear certain offenses committed by juveniles aged fifteen or sixteen.[1] This amendment allows prosecutors to proceed automatically in circuit court against juvenile offenders charged with certain enumerated offenses without first having to obtain a waiver from the probate court.[2] The amendment, in effect,

---

[1] Section 606 of the Revised Judicature Act provides in full:

The circuit court shall have jurisdiction to hear and determine a violation of section 83, 89, 91, 316, 317, 520b, or 529 of the Michigan penal code, Act No. 328 of the Public Acts of 1931, being sections 750.83, 750.89, 750.91, 750.316, 750.317, 750.520b, and 750.529 of the Michigan Compiled Laws, or section 7401(2)(a)(i) or 7403(2)(a)(i) of the public health code, Act No. 368 of the Public Acts of 1978, being sections 333.7401 and 333.7403 of the Michigan Compiled Laws, if committed by a juvenile 15 years of age or older and less than 17 years of age. [MCL 600.606; MSA 27A.606.]

In other words, a prosecuting attorney can proceed directly in the circuit court without having to request a waiver hearing against a juvenile aged fifteen or sixteen charged with committing the following crimes:

- Assault with intent to murder (MCL 750.83; MSA 28.278).
- Assault with intent to commit armed robbery (MCL 750.89; MSA 28.284).
- Attempted murder (MCL 750.91; MSA 28.286).
- First-degree murder (MCL 750.316; MSA 28.548).
- Second-degree murder (MCL 750.317; MSA 28.549).
- First-degree criminal sexual conduct (MCL 750.520b; MSA 28.788[2]).
- Armed robbery (MCL 750.529; MSA 28.797).
- Delivery of a controlled substance (MCL 333.7401; MSA 14.15[7401]).
- Possession of a controlled substance (MCL 333.7403; MSA 14.15[7403]).

[2] Before the enactment of the automatic waiver statute, a juvenile could only be tried in circuit court if the prosecutor sought and received a waiver from the probate court. Michigan law provides:

If a child who has attained the age of 15 years is accused of

divests the juvenile court of jurisdiction over certain juvenile offenders and vests that jurisdiction in the circuit courts. See *People v Brooks,* 184 Mich App 793; 459 NW2d 313 (1990).

In these cases of first impression, we are asked whether the automatic waiver statute allows a circuit court to retain jurisdiction to sentence a juvenile offender who, although charged with an enumerated offense, is convicted of a nonenumerated lesser included offense. Additionally, we are asked whether the statute confers jurisdiction on the circuit courts to try juvenile offenders for nonenumerated offenses arising out of the same criminal transaction as the enumerated offense in the same trial.

Our task is not made easier by the lack of clear legislative history available. All that can be reasonably gleaned from the statute itself is the notion that the Legislature must have intended to treat juvenile offenders who engage in serious criminal activity more harshly by providing adult penalties for certain crimes. For the reasons that follow, we hold that the circuit courts have jurisdiction to sentence juveniles charged with enumerated offenses but convicted of nonenumerated lesser included offenses and to try and sentence juveniles charged with both enumerated and nonenumerated offenses arising out of the same criminal transaction.

---

an act which, if committed by an adult, would be a felony, the judge of probate of the county where the offense is alleged to have been committed may waive jurisdiction pursuant to this section upon motion of the prosecuting attorney. After waiver, it shall be lawful to try the child in the court having general criminal jurisdiction of the offense. [MCL 712A.4(1); MSA 27.3178(598.4)(1).]

With the advent of the automatic waiver statute, this provision is no longer the exclusive means by which a prosecutor can try a juvenile in adult circuit court.

I

A. *PEOPLE v VELING*

Defendant Benjamin Todd Veling was originally charged with assault with intent to commit murder.[3] Pursuant to the automatic waiver statute, defendant was tried as an adult in circuit court, although at the time of the alleged offense he was only fifteen years old. At trial, defendant was found guilty of the lesser included offense of assault with intent to do great bodily harm less than murder.

After trial, defendant moved to remand his case to the probate court for disposition on the ground that his conviction for the lesser included offense divested the circuit court of its jurisdiction. Because assault with intent to do great bodily harm less than murder is not an offense enumerated in the automatic waiver statute, defendant contended, the circuit court had no jurisdiction to sentence him for that offense.[4] The prosecutor countered that jurisdiction was not lost as a result of a conviction of a lesser included offense because the circuit judge had authority under the Criminal Procedure Code to conduct a hearing to determine whether defendant should be sentenced as an adult or juvenile.[5]

---

[3] MCL 750.83; MSA 28.278. As stated in n 1, this offense is one of those specifically enumerated in the automatic waiver statute.

[4] It is interesting to note that defendant does not contest the validity of his conviction for the nonenumerated offense, but only the court's authority to sentence him.

[5] MCL 769.1(3); MSA 28.1072(3) requires the circuit court to conduct a hearing to determine if the best interests of the juvenile and the public would be served by placing the offender in a juvenile facility or an adult corrections facility. The provision establishes certain criteria for the circuit judge in making this determination. Such criteria are essentially the same as those used by a probate judge in determining whether to waive jurisdiction of a juvenile to circuit court in a traditional waiver hearing. See MCL 712A.4(4); MSA 27.3178(598.4)(4).

Without agreeing with either party, the circuit judge, on her own initiative, remanded the case to the probate court for sentencing. Without citing any part of the statute, the circuit judge believed the automatic waiver statute gave her discretion to remand the case without fulfilling the hearing requirement. The Court of Appeals vacated the circuit court's order and remanded this case to that court for further proceedings consistent with *People v Deans,* 192 Mich App 327; 480 NW2d 334 (1991). On August 7, 1992, this Court granted defendant's application for leave to appeal. 440 Mich 889.

### B. *PEOPLE v HILL*

As a result of events that allegedly occurred on October 15, 1991, defendant William Depree Hill was charged by a seven-count information with assault with intent to commit murder[6] (count I), carrying a concealed weapon,[7] carrying a concealed weapon with unlawful intent,[8] three counts of possession of a firearm during the commission of a felony,[9] and possession of cocaine[10] (counts II to VII). At the time of these alleged crimes, defendant was sixteen years old.

The Jackson County prosecutor elected to charge defendant under Michigan's automatic waiver statute. At the preliminary examination on October 24, 1991, defendant was bound over on all charges. Afterward, defendant filed a motion to dismiss counts II to VII on the ground that the circuit court lacked subject matter jurisdiction to

---

[6] MCL 750.83; MSA 28.278.

[7] MCL 750.227; MSA 28.424.

[8] MCL 750.226; MSA 28.423.

[9] MCL 750.227b; MSA 28.424(2).

[10] MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v).

try him. The basis for the motion was the argument that only count I allowed the defendant to be tried as an adult under the automatic waiver statute.

On December 17, 1991, the circuit judge granted defendant's motion and quashed that part of the information charging him with counts II to VII on the ground that, of the crimes charged, the automatic waiver statute only applied to count I and so the court lacked jurisdiction over counts II to VII. Furthermore, the court noted that the prosecutor's proper course of action would have been to utilize the automatic waiver statute for count I and seek a traditional waiver for counts II to VII. Finally, the circuit judge adjourned the proceedings to allow the prosecutor to seek an interlocutory appeal.

The prosecutor sought the Court of Appeals review, but, relying on *People v Deans, supra,* the Court denied leave to appeal. On August 7, 1992, however, this Court granted the prosecutor's motion for interlocutory leave to appeal and the case was considered with that of defendant Veling. 440 Mich 889.

II

Before the enactment of the automatic waiver statute, the juvenile division of the probate court had "[e]xclusive original jurisdiction superior to and regardless of the jurisdiction of any other court in proceedings concerning a child under 17 years of age . . . ." MCL 712A.2(a); MSA 27.3178(598.2)(a). In 1988, however, along with the creation of the automatic waiver statute, this section of the Revised Judicature Act was amended so that the probate court no longer had exclusive jurisdiction over all juveniles. Rather, "[t]he juve-

nile division of the probate court shall have juris-
diction over a child 15 years of age or older who is
charged with a violation of [certain enumerated
offenses], *if* the prosecuting attorney files a peti-
tion in juvenile court instead of authorizing a
complaint and warrant." MCL 712A.2(a)(1); MSA
27.3178(598.2)(a)(1) (emphasis added). The prosecut-
ing attorney may authorize the filing of a com-
plaint and warrant against that juvenile if he has
"reason to believe" that the juvenile has commit-
ted certain enumerated offenses. MCL 764.1f; MSA
28.860(6). In essence, then, the 1988 changes di-
vested the probate court of its exclusive jurisdic-
tion over juveniles and vested in the circuit courts
personal jurisdiction over those juveniles charged
with enumerated life offenses. Assuming the pros-
ecutor authorizes a complaint and warrant in the
circuit court, the circuit court has personal juris-
diction over juveniles charged with enumerated
life offenses.

Once personal jurisdiction is established, the
magistrate must have probable cause to believe, as
part of the preliminary examination, that the
juvenile committed the charged enumerated of-
fense. See MCL 766.14(2); MSA 28.932(2).[11] If this
belief is not sustained by probable cause, the mag-
istrate must transfer the case back to the probate
court, and the circuit court loses jurisdiction over

---

[11] MCL 766.14(2); MSA 28.932(2) provides:

If at the conclusion of the preliminary examination of a
juvenile the magistrate finds that a violation of [certain enu-
merated offenses], did not occur or that there is not probable
cause to believe that the juvenile committed the violation, but
that there is probable cause to believe that some other offense
occurred and that the juvenile committed that other offense,
the magistrate shall transfer the case to the juvenile division of
the probate court of the county where the offense is alleged to
have been committed.

the juvenile. *Id.*[12] If probable cause is established, the circuit court has both personal jurisdiction over the juvenile and, of course, subject matter jurisdiction over the alleged enumerated offense.

### III

As noted above, the Code of Criminal Procedure is very specific; if at the preliminary examination the magistrate finds that an enumerated offense has not been committed, the magistrate must send the case back to the probate court. The code is noticeably silent, however, concerning the proper procedure following a conviction for a lesser included offense or the procedure to be used for juveniles charged with nonenumerated offenses arising out of the same transaction as the enumerated offense. Defendants Veling and Hill would have us construe this silence as a requirement to remand these cases to the probate court for disposition. For the reasons that follow, we find such a statutory construction to be untenable.

### A

In the exercise of circuit court jurisdiction over adult offenders, there is a presumption against divesting a court of its jurisdiction once it has properly attached, and any doubt is resolved in favor of retaining jurisdiction.[13] In *People v Schoeneth,* 44 Mich 489; 7 NW 70 (1880), this Court established the longstanding rule that where the circuit court acquires jurisdiction over a defendant

---

[12] There is, however, no prohibition against the prosecutor seeking a traditional waiver on the charges the magistrate removed from circuit court. See MCL 766.14(2); MSA 28.932(2).

[13] See *Paley v Coca-Cola,* 389 Mich 583; 209 NW2d 232 (1973). Moreover, any legislative intent to divest jurisdiction once it has properly attached must be clearly and unambiguously stated. *Leo v Atlas Industries, Inc,* 370 Mich 400; 121 NW2d 926 (1963).

because of a felony charge, that jurisdiction is not
lost because of a subsequent conviction of a lesser
included misdemeanor. The Court reasoned that it
would be absurd to force the court to go to trial on
the merits of the charge only to determine when
the verdict was rendered whether the court had
jurisdiction to try the offense in the first place. *Id.*
at 491. This rule and rationale is not only the law
in Michigan, but in many other states as well.[14]

B

Similarly, Michigan courts extend circuit court
jurisdiction to all same transaction offenses an
adult is alleged to have committed, even though
the circuit court had original jurisdiction over only
some of the offenses. For example, where an adult
is charged with a felony and a misdemeanor, the
circuit court has jurisdiction to dispose of the
entire case, even though a circuit court has no
jurisdiction over misdemeanor charges alone. The
defendant in *People v Loukas,* 104 Mich App 204;
304 NW2d 532 (1981), was initially charged in
circuit court with a felony, resisting arrest, and a
misdemeanor, reckless driving (later changed to
careless driving). The defendant pleaded nolo con-
tendere to both charges, and the case proceeded to
sentencing. At sentencing, the defendant argued
that the circuit court could not sentence him for
the misdemeanor conviction because it lacked ju-

---

[14] See, e.g., *Jimenez v Commonwealth,* 10 Va App 277; 392 SE2d
827 (1990), rev'd on other grounds 241 Va 244; 402 SE2d 678 (1991);
*Broughton v Commonwealth,* 596 SW2d 22 (Ky App, 1979); *State v
Shults,* 169 Mont 33; 544 P2d 817 (1976) (all courts holding that
where a defendant is charged with a felony giving the trial court
jurisdiction, a subsequent lesser included misdemeanor conviction
does not divest the trial court of jurisdiction). See also *Zimmerman v
Miller,* 206 Mich 599, 604-605; 173 NW 364 (1919), in which this Court
held that a circuit court retains jurisdiction in a civil case even when
the verdict is below the jurisdictional requirement.

risdiction to accept a plea that joined a felony
count and a misdemeanor count. *Id.* at 206. The
defendant asserted that only the district court had
jurisdiction to hear misdemeanor cases. *Id.* at 206-
207. However, the Court of Appeals held that in
light of the fact the misdemeanor charge arose out
of the same transaction as the felony charge, it
was properly joined with the felony charge in
circuit court. *Id.* at 207. In support of its conclu-
sion, the Court noted that there was nothing in
the statutes conferring jurisdiction on the circuit
and district courts that prohibited such joining. *Id.*

The defendant in *People v Shackelford,* 146
Mich App 330; 379 NW2d 487 (1985), was tried in
the circuit court for a misdemeanor charge of
possession of marijuana. Jurisdiction was con-
ferred on the circuit court because the defendant
initially was charged as a second offender, a fel-
ony. After trial, however, the prosecutor moved to
dismiss the second-offender charge. With only the
misdemeanor conviction remaining, the defendant
argued that the circuit court had no jurisdiction to
pass sentence. *Id.* at 332-333. The Court of Appeals
rejected this argument, however, on the ground
that to the extent both charges were properly
brought, the circuit court had jurisdiction to try
both counts because they arose out of a single
transaction. *Id.* at 333.

Finally, *People v Carey,* 110 Mich App 187; 312
NW2d 205 (1981), involved a defendant charged
with crimes that allegedly occurred both within
and outside the Detroit city limits. The defendant
was tried in the Detroit Recorder's Court for all
charges, but was found guilty only of rape, the
charge that allegedly occurred outside the city
limits. The defendant argued that the Detroit
Recorder's Court had no jurisdiction to try him for
the rape charge, because he was acquitted of the

crimes that allegedly occurred within Detroit. *Id.*
at 190. The Court rejected this argument, however,
as did the *Loukas* and *Shackelford* Courts, on the
ground that the Detroit Recorder's Court had ju-
risdiction over all charges arising out of the same
transaction. *Id.* As long as the court had jurisdic-
tion to hear at least one of the charges, it could
hear all the charges. The fact that the defendant
was subsequently acquitted of the charges that
originally conferred jurisdiction did not divest the
court of its jurisdiction. *Id.* The court had proper
jurisdiction to convict and sentence defendant on
the rape charge.

C

While common law is the primary source of the
duty to instruct regarding lesser included offenses,
there is a statute that implicitly requires such
instructions be given. Section 32 of the Code of
Criminal Procedure provides:

> Except as provided in subsection (2), upon an
> indictment for an offense, consisting of different
> degrees, as prescribed in this chapter, the jury, or
> the judge in a trial without a jury, may find the
> accused not guilty of the offense in the degree
> charged in the indictment *and may find the ac-
> cused person guilty of a degree of that offense
> inferior to that charged in the indictment, or of an
> attempt to commit that offense.* [MCL 768.32(1);
> MSA 28.1055(1). Emphasis added.]

If the factfinder in a criminal case must be al-
lowed to convict a defendant of a lesser included
offense, it stands to reason the factfinder must be
made aware of what lesser included offenses exist.

Michigan jurisprudence has established that the
evidence adduced at trial determines the trial

judge's duty to instruct regarding lesser included offenses. *People v Phillips,* 385 Mich 30; 187 NW2d 211 (1971). If evidence has been presented that would support a conviction of a lesser included offense, it is error requiring reversal for the judge to refuse to give a requested instruction for that offense. *Id.* at 36. Moreover, if the lesser offense is one that is necessarily included in the charged offense, the evidence always supports the lesser offense if it supports the greater. *People v Ora Jones,* 395 Mich 379, 390; 236 NW2d 461 (1975).

Michigan's statutory and interpretive case law concerning lesser included offenses require that instruction regarding such offenses be given in cases like those before us. We assume that the Legislature was aware of these mandates when enacting the automatic waiver statute[15] and simple logic suggests that it did not intend to create an anomaly between the automatic waiver statute and jury instruction mandates.

D

With respect to constitutional mandates, this Court, in *People v White,* 390 Mich 245; 212 NW2d 222 (1973), held that all charges against a defendant that arise out of a single criminal act, occurrence, episode, or transaction must be brought in one prosecution. This requirement, the Court held, provided "the only meaningful approach to the constitutional protection against being placed twice in jeopardy" where the crimes were committed in a continuous time sequence and displayed a single intent and goal. *Id.* at 257-258.

Similarly, other states allow their adult trial

[15] It is a general rule of construction that "lawmakers are presumed to know of and legislate in harmony with existing laws." *People v Harrison,* 194 Mich 363, 369; 160 NW 623 (1916).

courts to automatically hear nonenumerated offenses arising from the same transaction as the enumerated offense in order to avoid double jeopardy. For example, in *Worthy v State,* 253 Ga 661; 324 SE2d 431 (1985), the Georgia Supreme Court held that the trial court had jurisdiction to try a juvenile defendant for a charged theft when, in the same indictment, there had already been an automatic waiver to that court for a charged murder. The court found that the trial court's jurisdiction necessarily extended to related lesser crimes arising out of the same transaction because

> [t]o rule otherwise would be to bisect criminal conduct artificially and require the state to follow two procedures with no substantive meaning other than to satisfy procedural requirements, with the end result that the case involving the lesser crime would be instituted in juvenile court and transferred to the superior court, and the juvenile would still be tried for the lesser crime along with the crime giving the [trial] court concurrent jurisdiction. There is no loss of substantive protection of the juvenile, and the public's rights should not be impeded by meaningless procedural steps which delay the judicial process and conceivably could lead to the frustration of justice under the rigorous requirements of the double jeopardy clause. [*Id.* at 662. Citation omitted.]

In other words, to guard against double jeopardy, the supreme court allowed the trial court to hear all charges arising out of the same criminal transaction. In doing so, the court was willing to forego the artificial procedural requirements that otherwise would have required the defendant to be tried separately on the capital and lesser offenses.[16]

---

[16] See, e.g., *Tolbert v State,* 598 So 2d 1011 (Ala Crim App, 1991) (where an adult court had jurisdiction to try a juvenile defendant charged with felony murder, the court had jurisdiction, on the basis of

In the *Hill* case, double jeopardy considerations arguably would prohibit the prosecutor from trying the defendant as an adult in circuit court for the enumerated offense and also trying him as a juvenile in probate court for the nonenumerated offenses. As a result, if he cannot obtain a waiver for the nonenumerated offenses, the prosecutor must choose between trying him for the enumerated offense or for the nonenumerated offenses. Again, simple logic suggests that the Legislature did not intend to create an anomaly between the automatic waiver statute and the constitutional prohibition against double jeopardy.[17] Where the intent of the Legislature is to treat juvenile offenders engaging in serious criminal activity more harshly and more like adults, we assume the

a waiver hearing, to try theft charges because items taken from the victim were taken in the same factual and criminal transaction as the felony murder); *Taylor v State,* 194 Ga App 871; 392 SE2d 57 (1990) (the appellate court applied the *Worthy* rule that concurrent jurisdiction of trial courts over capital felonies committed by juveniles necessarily extends to related lesser crimes that are part of the same criminal transaction). See also *State v Johnson,* 121 Wis 2d 237; 358 NW2d 824 (1984) (where charges not included in a waiver hearing were not "wholly unrelated" to the transaction considered at the waiver proceeding, the trial court had jurisdiction to try a juvenile on all counts).

[17] Double jeopardy is only one of several difficulties associated with requiring two trials for enumerated and nonenumerated offenses. As noted by the New Jersey Superior Court

> [t]o require treatment of the same criminal episode partially in Juvenile Court and partially in adult court would serve no beneficial purposes believed to be derived from the creation of a system of juvenile courts. To permit fragmentation of the criminal transaction invites many possible problems, such as in sentencing, or with collateral estoppel, double jeopardy and merger. Fragmentation is also wasteful of prosecutorial, defense and judicial resources. [*In re RLP,* 159 NJ Super 267, 272; 387 A2d 1223 (1978).]

See also *State v Garcia,* 93 NM 51, 53-54; 596 P2d 264 (1979), in which the New Mexico Supreme Court used the same rationale to hold that if a juvenile court finds at a traditional waiver hearing that a juvenile defendant should be prosecuted as an adult, the adult court obtains jurisdiction over the juvenile's entire case.

Legislature intended to treat juveniles like adults for all crimes arising out of enumerated criminal activity.

E

Giving the circuit court jurisdiction to hear both enumerated and nonenumerated offenses avoids an anomalous result that would work to a juvenile defendant's disadvantage. As the prosecutor in defendant Hill's case pointed out, under the automatic waiver statute, upon a guilty plea or conviction, the circuit judge has the option of sentencing the juvenile or remanding the case to the probate court for disposition.[18] Under traditional waiver hearing procedures, however, once a juvenile is tried as an adult, he must be sentenced as an adult—the circuit judge has no discretion in this respect.[19] As a result, a juvenile defendant is likely to receive a tougher sentence where the prosecutor uses the automatic waiver statute for an enumerated offense and the traditional waiver system for nonenumerated offenses. If a circuit judge must sentence a juvenile, for example, as an adult for felony-firearm (a nonenumerated offense involving a two-year mandatory prison term), he is more likely to sentence the juvenile as an adult for the underlying felony, for example, assault with intent to commit murder (an enumerated offense). If, however, the judge had sentencing discretion with respect to both the assault and the felony-firearm

[18] See n 5 for a discussion of the postconviction hearing required for juveniles brought before a circuit court via the automatic waiver statute.

[19] The postconviction sentencing hearing does not apply to jurisdiction of minors that is waived to circuit court under the traditional procedures. *People v Cosby,* 189 Mich App 461; 473 NW2d 746 (1991). Moreover, the court rules detailing the hearing process do not apply to jurisdiction of minors that is waived under the traditional procedures. See MCR 6.901(B).

convictions, which he would have under the automatic waiver statute, there is at least the chance that the judge would remand both convictions to a probate judge for disposition.[20] Allowing sentencing discretion for more serious charges but not less serious charges produces inconsistent results and would be disadvantageous to a juvenile defendant. On the other hand, giving a circuit judge sentencing discretion for both types of offenses under the automatic waiver statute provides the greatest flexibility in dealing with juvenile offenders.

IV

On the basis of this analysis, we are convinced that the Legislature did not intend by its silence in the automatic waiver statute to require the bifurcation of lesser included and same transaction offenses. We find that the Legislature intended juveniles automatically waived to be treated consistently with the parallel scheme presently in effect for adults. We are not alone in our conclusion and find satisfaction in knowing that many states treat juveniles in a similar manner.[21]

---

[20] Note, however, it is equally likely that the circuit court should have jurisdiction over both enumerated and nonenumerated offenses because the juvenile should be treated like an adult for all purposes. In the context of a traditional waiver hearing, the Pennsylvania Supreme Court, in *Commonwealth v Romeri,* 504 Pa 124; 470 A2d 498 (1983), cert den 466 US 942 (1984), held that circuit court jurisdiction extends to lesser charges arising out of the same "criminal episode" because

> it is unrealistic to believe that a youthful offender who the court determines cannot profit from the care, guidance and control aspects of a juvenile proceeding on the murder charge . . . would be amenable to such care, guidance and control on the non-murder charges arising from the same criminal transaction. [*Id.* at 138.]

[21] Where automatic waiver statutes are involved, there is a presumption in many states against subsequently divesting a court of its

V

Our conclusions in these cases implicate the Court of Appeals decision in *People v Deans, supra.* The *Deans* Court considered the issues raised by both defendants here. It held that the circuit court did not have jurisdiction to try a defendant for nonenumerated offenses arising out of the same transaction as the enumerated offense. 192 Mich App 330. The Court reasoned that the statute was clear and unambiguous; the enumeration

jurisdiction once it has properly attached. *Williams v State,* 459 So 2d 777, 779 (Miss, 1984) (the court reasoned that "[i]t would be a mockery of the law and justice to hold that when a juvenile is indicted for murder . . . the circuit court must proceed with a trial on the murder charge, or lose jurisdiction, if a plea or conviction for a lesser-included offense occurs"). See also *Walker v State,* 309 Ark 23, 29-30; 827 SW2d 637 (1992) (the court rejected the argument that prosecutorial overcharging would result from maintaining circuit court jurisdiction over juvenile convictions of nonenumerated lesser included offenses; the court reasoned that ethical rules and punishment for their violation were sufficient deterrent for prosecutors); *Snodgrass v State,* 273 Ind 148, 152; 405 NE2d 641 (1980) (the court rejected an argument for divesting jurisdiction because "considerations for both judicial resources and double jeopardy proscriptions dictate that a court should have jurisdiction to impose sentence upon a verdict of guilty, as to any necessarily lesser-included offense or any lesser degree of the offense for which the defendant was lawfully charged and tried"). And see *Marine v State,* 607 A2d 1185 (Del, 1992); *Lucas v United States,* 522 A2d 876 (DC App, 1987); *People v Martin,* 43 Colo App 44; 602 P2d 873 (1979) (each court holding that once a defendant is charged with an enumerated offense and adult court jurisdiction attaches, jurisdiction is not lost simply because the juvenile defendant is convicted of a lesser included offense).

Similarly, once an adult court has obtained jurisdiction over a juvenile defendant by means of a traditional waiver hearing, it has been held that court retains jurisdiction to sentence the defendant when there has been a plea of guilty or conviction of a lesser included offense, even if that offense was not considered at the waiver hearing. *People v Jimmie Smith,* 35 Mich App 597; 192 NW2d 666 (1971) (the Court affirmed the defendant's conviction of unarmed robbery, even though the waiver hearing referred only to armed robbery). See also *Iglesias v State,* 599 So 2d 248 (Fla App, 1992); *State v Hamilton,* 285 SC 133; 328 SE2d 633 (1985); *Dicus v Second Judicial Dist Court,* 97 Nev 273; 625 P2d 1175 (1981); *Gray v State,* 6 Md App 677; 253 A2d 395 (1969) (all these courts holding that when an adult court acquires jurisdiction in prosecution of an offense from a juvenile court, the adult court maintains jurisdiction to convict the defendant of the charged crime and any lesser included offenses).

of nine felonies implied the exclusion of all others. *Id.* Citing the *Schoeneth* rule quoted above, however, the Court held that the circuit court retained jurisdiction to sentence a defendant convicted of a lesser included offense, even though the court had original jurisdiction over only the enumerated offense charged.[22]

While we agree with the second conclusion of the *Deans* Court, we cannot agree with its first. The conclusion regarding the same transaction offenses completely ignores the parallel treatment of adult offenders in circuit court and the policy support for retaining circuit court jurisdiction over juvenile offenders.[23] To the extent the *Deans* decision and its progeny contradict the decisions we make, they must be overruled. That portion of the *Deans* opinion relating to the lesser included offense issue is entirely consistent with the decisions we make, and, thus, need not be disturbed.

VI

For the reasons set forth above, we conclude that the circuit courts have jurisdiction to sentence juveniles charged with enumerated offenses, but convicted of nonenumerated lesser included offenses, and to try and sentence juveniles charged with both enumerated and nonenumerated offen-

---

[22] On its own initiative, and citing only *Deans, supra,* another panel of the Court of Appeals, in *People v Spearman,* 195 Mich App 434; 491 NW2d 606 (1992), reversed a felony-firearm conviction on the grounds that the automatic waiver statute did not automatically give the court jurisdiction over nonenumerated offenses arising out of the same criminal transaction.

[23] Indeed, it is clear that the Court of Appeals has not been unanimous on this issue. Over seven months before the *Deans* decision was announced, a different panel of the Court of Appeals implied in dicta that the automatic waiver statute applied to all crimes arising out of the same criminal transaction as the enumerated offense. See *People v McCoy,* 189 Mich App 201, 202, n 1; 471 NW2d 648 (1991).

ses arising out of the same criminal transaction. To the extent *People v Deans* and *People v Spearman,* 195 Mich App 434; 491 NW2d 606 (1992) are inconsistent with these conclusions, they are overruled. In *Hill,* the order to quash counts II to VII of the information should be vacated and the case remanded to the circuit court for trial of all charges. In *Veling,* the circuit judge's remand order to the probate court for disposition should be vacated and the judge ordered to conduct a hearing, pursuant to MCL 769.1(3); MSA 28.1072(3), to determine if the best interests of defendant Veling and the public would be served by remanding the case to the probate court for disposition or by sentencing him as an adult.[24]

CAVANAGH, C.J., and BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred with BRICKLEY, J.

LEVIN, J. I concur in *People v Veling* and dissent in *People v Hill* for the reasons stated by the Court of Appeals in *People v Deans,* 192 Mich App 327; 480 NW2d 334 (1991), where the defendant, a juvenile, was charged with assault with intent to murder and other offenses, including possession of cocaine and felony-firearm.

The defendant in *Deans* had been automatically waived to the circuit court on assault with intent to murder. The Court of Appeals held that the circuit court did not have jurisdiction to try the possession of cocaine and felony-firearm charges. The gist of its reasoning and holding is stated in the syllabus prepared by the reporter of decisions:

The circuit court did not have jurisdiction to try

---

[24] In vacating this order, we note that the Oakland County circuit judge had no authority to remand this case to the probate court without conducting the postconviction sentencing hearing, unless that hearing was waived by the prosecutor and the defendant. See MCL 769.1(4); MSA 28.1072(4).

the defendant on the charges of cocaine possession and felony-firearm, and those convictions must be vacated. Jurisdiction over juveniles, superior to that of any other court, is expressly and exclusively vested in the juvenile division of the probate court by MCL 712A.2; MSA 27.3178(598.2), subject to exceptions enumerated in MCL 600.606; MSA 27A.606, granting the circuit court jurisdiction to determine violations of certain offenses committed by juveniles. Cocaine possession and felony-firearm are not among the enumerated exceptions. Once a juvenile is charged with an enumerated felony, the probate court's jurisdiction is not automatically waived for all other felonies under a theory of pendent or ancillary jurisdiction in the circuit court, and the prosecutor must initiate probate court waiver proceedings in order to charge a juvenile defendant with nonenumerated felonies in the circuit court. [*Id.,* pp 327-328.]

The reasoning and holding in *Deans* on the issues presented in *Veling* parallels the reasoning and holding of the majority in *Veling.*