*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
September 22, 2022

JENNA SHI,

Defendant-Appellant.

No. 360308
Wayne Circuit Court
LC No. 21-003205-01-FH

Before: RONAYNE KRAUSE, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the criminal division of the circuit court's (the criminal division) order denying her motion to transfer her case to the family division of the circuit court (the family division). We reverse and remand.

## I. BACKGROUND

Defendant is charged with assault with intent to do great bodily harm (AWIGBH), MCL 750.84, and reckless driving causing serious impairment of a body function (reckless driving causing serious impairment), MCL 257.626(3). The charges are based on conduct allegedly committed on April 18, 2021, when defendant was 17 years old. At the time, generally, the family division had exclusive jurisdiction over persons under 17 years old who committed criminal offenses. *In re Seay*, 335 Mich App 715, 720; 967 NW2d 883 (2021); see also MCL 712A.2(a)(1), as amended by 2018 PA 58. Therefore, on April 2021, the prosecution charged defendant as an adult in the criminal division. After a preliminary examination in May 2021, defendant was bound over for trial on these two charges.

---

[1] *People v Shi*, unpublished order of the Court of Appeals entered, April 14, 2022 (Docket No. 360308).

While defendant's case was pending, a number of statutes collectively referred to as the "Raise the Age" legislation[2] became effective. The "Raise the Age" legislation was intended, in relevant part, to increase the age at which a person is to be tried as an adult from 17 years old to 18 years old. Effective October 1, 2021, as amended by 2019 PA 113, MCL 712A.2(a)(1) now provides that the family division has exclusive jurisdiction over persons less than 18 years old who committed criminal offenses. As amended by 2019 PA 103, MCL 764.27 now provides that "if during the pendency of a criminal case against a child in a court in this state it is ascertained that the child is less than 18 years of age, the court shall immediately transfer the case . . . to the family division." Finally, as amended by 2019 PA 109, MCL 712A.3(1) was amended to provide that "[i]f during the pendency of a criminal charge against a person in any other court it is ascertained that the person was under the age of 18 at the time of the commission of the offense, the other court shall transfer the case without delay . . . to the family division."

However, shortly after the effective date of the above amendments, the Legislature again amended MCL 712A.3(1). Effective November 30, 2021, pursuant to 2021 PA 118, MCL 712A.3(1) now provides:

> For an offense occurring before October 1, 2021, if during the pendency of a criminal charge against an individual in any other court it is ascertained that the individual was under the age of 17 at the time of the commission of the offense, the other court shall transfer the case without delay, together with all the papers, documents, and testimony connected with that case, to the family division of the circuit court of the county in which the other court is situated or in which the individual resides. For an offense occurring on or after October 1, 2021, if during the pendency of a criminal charge against an individual in any other court it is ascertained that the individual was under the age of 18 at the time of the commission of the offense, the other court shall transfer the case without delay, together with all the papers, documents, and testimony connected with that case, to the family division of the circuit court of the county in which the other court is situated or in which the individual resides.

The Legislature did not further amend MCL 712A.2 or MCL 764.27.

Against this backdrop, on December 8, 2021, defendant moved the criminal division to transfer her case to the family division. Defendant acknowledged that she was no longer entitled to transfer under MCL 712A.3(1), but she argued that she was still entitled to transfer under MCL 764.27. Defendant argued that, if she were no longer entitled to transfer to the family division because of 2021 PA 118, then 2021 PA 118 would be unconstitutional under the state and federal constitutions as an ex post facto law. Applied in this way, defendant reasoned, 2021 PA 118 would

---

[2] See House Legislative Analysis, HB 4133, HB 4134, HB 4135, HB 4136, HB 4140, HB 4132, HB 4143, HB 4145, HB 4443, HB 4452, SB 0084, SB 0090, SB 0093, SB 0097, SB 0099, SB 0100, SB 0101, and SB 0102 (December 20, 2019).

in effect operate as an increase in her punishment.[3] Defendant was still 17 years old at the time of the motion. She turned 18 on January 8, 2022.

After a hearing on January 25, 2022, the criminal division denied defendant's motion to transfer her case. According to the trial court, it had actually issued an order on November 12, 2021, to transfer the case to the family division; however, "[a]dministratively, for a case to be transferred to Juvenile Court the order requires a signature by both the judge presiding over the case which is myself as well as a signature from the presiding judge which is Judge Prentis Edwards," but Judge Edwards had failed to sign that order before the effective date of 2021 PA 118. The trial court recognized that defendant had been placed into an untenable position.[4] However, it found defendant properly before the criminal decision at that time, so it denied the motion. We granted defendant's application for leave to appeal. *People v Shi*, unpublished order of the Court of Appeals, entered April 14, 2022 (Docket No. 360308).

## II. STANDARD OF REVIEW

We review questions of statutory construction de novo. In doing so, our purpose is to discern and give effect to the Legislature's intent. We begin by examining the plain language of the statute; where that language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written. [*People v Morey*, 461 Mich 325, 329-330; 603 NW2d 250 (1999) (internal citations omitted).]

We also review de novo whether a court possesses personal jurisdiction over a party. *Seay*, 335 Mich App at 719.

## III. ANALYSIS

As an initial matter, there can be no serious question that the criminal division had subject matter jurisdiction over defendant's case. "A circuit court's authority to exercise jurisdiction over a defendant charged with a felony committed as a minor constitutes a question of personal, not

---

[3] Defendant also raised an argument regarding the Holmes Youthful Trainee Act (HYTA), MCL 762.11 *et seq.*, which the Legislature also amended as part of the "Raise the Age" legislation. 2019 PA 100; 2020 PA 396. Very generally, defendant argued that the amendments to HYTA placed her into a gap under which she could not be eligible to be assigned to the status of a youthful trainee; the prosecution even conceded that defendant was "effectively placed in no man's land." Defendant argued that if she were no longer entitled to be transferred to the family division, the amendments to HYTA would constitute an ex post facto law. The trial court stated on the record that it believed HYTA, as applied to defendant, was indeed an unconstitutional ex post facto law, but it did not enter any order to that effect. In light of our conclusion that defendant's case must be transferred to the family division, we need not address this issue.

[4] The trial court also observed that it was between "a rock and a hard place," a characterization with which we do not entirely disagree.

subject matter, jurisdiction." *Seay*, 335 Mich App at 719 (alteration and quotation omitted). Furthermore, as discussed, at the time defendant was charged, those charges were properly brought in the criminal division because the family division's exclusive jurisdiction did not include persons who were 17 years old. There is no dispute that the criminal division validly assumed personal jurisdiction over defendant at the time. Finally, it is also not seriously disputed that defendant is essentially in the same position under the current statutes that she had been under the statutes before effective date of the "Raise the Age" legislation.

However, the law did not remain static in the interim, and for a brief time, defendant's case was *not* properly in the criminal division. The question is whether the Legislature, in enacting the "Raise the Age" legislation, intended to divest the criminal division of personal jurisdiction as of the effective date of that legislation. Once jurisdiction has properly attached, "there is a presumption against divesting a court of its jurisdiction . . . and any doubt is resolved in favor of retaining jurisdiction." *People v Veling*, 443 Mich 23, 32; 504 NW2d 456 (1993). "[L]egislative intent to divest jurisdiction once it has properly attached must be clearly and unambiguously stated." *Id*. at 32 n 13. We find that the Legislature clearly and unambiguously stated its intent to divest the criminal division of personal jurisdiction over defendant.

As set forth above, pursuant to MCL 764.27 as amended by 2019 PA 103, the criminal division was required[5] to "*immediately* transfer the case . . . to the family division" (emphasis added). Pursuant to MCL 712A.3(1) as amended by 2019 PA 109, the criminal division was required to "transfer the case *without delay* . . . to the family division" (emphasis added). Neither amendment provided any qualifiers or left any room for discretion, and we find nothing ambiguous about the words "immediately" or "without delay." Indeed, the trial court even attempted to do the right and legally correct thing by transferring defendant's case to the family division, only to be thwarted by Judge Edwards's unexplained and wrongful failure to sign the transfer order. Pursuant to the statutes in effect at the time, the transfer of defendant's case from the criminal division to the family division was mandatory, and the failure to effectuate that transfer was error.

We recognize that the Legislature subsequently further amended MCL 712A.3(1) to state that the new rule requiring transfer of the cases of those who were less than 18 years old at the time of their offense did not apply to 17-year-olds who had committed crimes before October 1, 2021. See 2021 PA 118. Nevertheless, by that time, defendant's case should already have been in the family division. Furthermore, the Legislature did not further amend MCL 764.27. Even after November 30, 2021, MCL 764.27's command to the criminal division remained plain: immediately transfer to the family division the cases of those who were currently less than 18 years old. See MCL 764.27. Nothing in MCL 764.27 suggested that it applied only to those charged in the criminal division on or after October 1, 2021, and we presume that, when promulgating new laws, our Legislature is "aware of the consequences of its use or omission of statutory language." *People v Albers*, 258 Mich App 578, 593; 672 NW2d 336 (2003). At the time defendant moved to transfer her case to the family division, she was still 17 years old, and even under MCL

_____

[5] Both statutes used the word "shall," which unambiguously "indicates mandatory rather than discretionary action." *People v Grant*, 445 Mich 535, 542; 520 NW2d 123 (1994).

712A.3(1) as amended by 2021 PA 118, her case still should have independently been transferred to the family division "immediately."

The prosecution suggests that MCL 764.27 conflicts with MCL 712A.3(1). We disagree. MCL 764.27 commands the criminal division to transfer a person's case if he or she is currently under 18 years old; MCL 712A.3(1) commands the criminal division to transfer the case of a person who was under 18 years old at the time of his or her crime if that person committed his or her crime on or after October 1, 2021. These are not contradictory commands. Read together, these statutes instruct the criminal division to transfer the case of a person if either of two conditions are met: (1) the person is currently under 18 years old; or (2) the person was under 18 years old at the time of his or her offense, and the person committed that offense on or after October 1, 2021. See MCL 712A.3(1); MCL 764.27.

In short, as of October 1, 2021, the Legislature divested the criminal division of personal jurisdiction over defendant and vested personal jurisdiction with the family division. Personal jurisdiction over defendant remains vested there.[6] We therefore reverse the criminal division's order denying defendant's motion to transfer her case to the family division, and we remand for the criminal division to enter an order transferring defendant's case to the family division.

Reversed and remanded for proceedings consistent with this opinion, including entry of an order granting defendant's motion to transfer her case to the family division. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Brock A. Swartzle

---

[6] Although defendant has since turned 18 years old, this did not necessarily divest the family division of its jurisdiction. Before November 30, 2021, MCL 712A.5, as amended by 1996 PA 409, stated that the family division does not generally have jurisdiction over a juvenile after he or she has reached the age of 18. *Seay*, 335 Mich App at 720. However, 2021 PA 118 amended MCL 712A.5 to raise this age to 19. 2021 PA 118. Also, because defendant is charged with AWIGBH, if the family division elected to exercise jurisdiction over defendant after a waiver hearing, the family division's jurisdiction could continue until defendant reached 21. See MCL 712A.2a(1) and (5).