*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ETHAN ISAAC PENDERGRASS,

Defendant-Appellant.

UNPUBLISHED
February 10, 2025
3:36 PM

No. 367100
Allegan Circuit Court
LC No. 2022-025401-FC

Before: BORRELLO, P.J., and REDFORD and PATEL, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of first-degree criminal sexual conduct (CSC-I) (person under 13 years old), MCL 750.520b(1)(a); second-degree criminal sexual conduct (CSC-II) (person under 13 years old), MCL 750.520c(1)(a); and assault with intent of sexual penetration, MCL 750.520g(1). Defendant was sentenced defendant to serve 11 to 40 years' imprisonment for the CSC-I conviction, 6 to 15 years' imprisonment for the CSC-II conviction, and 4 to 10 years' imprisonment for the conviction of assault with intent of sexual penetration. For the reasons stated in this opinion, we affirm.

## I. BACKGROUND

Defendant's convictions arise from his assault of his younger cousin, ST, multiple times over several years. At trial, TH, another one of defendant's younger cousins, testified that defendant assaulted her during the same time period and that she witnessed defendant assault ST. TH later recanted her testimony.

Defendant was convicted as described, but was acquitted of one count of CSC-I under MCL 750.520b(2)(b) (person under 13 years old, defendant over 17 years old). Defendant moved for a new trial, arguing that TH's testimony was false and "highly prejudicial" to defendant because TH had recanted her testimony that defendant abused her and that she witnessed defendant abuse ST. The trial court denied the motion. Defendant was sentenced as stated above. This appeal followed.

-1-

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that trial counsel was ineffective for several reasons. We disagree.

An ineffective-assistance-of-counsel claim presents a "mixed question of fact and constitutional law." *People v Yeager*, 511 Mich 478, 487; 999 NW2d 490 (2023). Generally, we review de novo constitutional questions, while we review the trial court's findings of fact for clear error. *Id*.

The United States and Michigan Constitutions afford criminal defendants the right to effective assistance of counsel. *Id*. at 488, citing Const 1963, art 1, § 20; US Const Am VI; *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). To prevail on a claim of ineffective assistance, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that [the] outcome would have been different." *Yeager*, 511 Mich at 488 (cleaned up). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (cleaned up). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018) (cleaned up). We will not find trial counsel to be ineffective where an objection would have been meritless or futile, *id*., nor will we second-guess matters of trial strategy or "assess counsel's competence with the benefit of hindsight[,]" *People v Abcumby-Blair*, 335 Mich App 210, 237; 966 NW2d 437 (2020) (cleaned up). This Court has explained that failing to object may be a matter of trial strategy because "there are times when it is better not to object and draw attention to an improper comment." *People v Unger (On Remand)*, 278 Mich App 210, 242; 749 NW2d 272 (2008) (cleaned up).

## A. AUTOMATIC WAIVER

First, defendant argues that his trial counsel was ineffective because he failed to argue that defendant should have been charged and sentenced as a juvenile, not an adult, because he was under 14 years old when he committed the acts in support of his convictions. We disagree.

Generally, the family division of the circuit court has exclusive jurisdiction of proceedings involving a juvenile under 18 years of age. MCL 712A.2(a); MCL 764.27. But the criminal division of the circuit court "has jurisdiction to hear and determine a specified juvenile violation if committed by a juvenile 14 years of age or older and less than 18 years of age." MCL 600.606(1). Jurisdiction may be waived to the criminal division of the circuit court by either: (1) automatic waiver under MCL 764.1f(1), which authorizes a prosecutor to charge a qualifying juvenile who has committed a "specified juvenile violation" as an adult, or (2) the motion-waiver process under MCL 712A.4(1), which authorizes a judge of the family division to waive jurisdiction to the criminal division of the circuit court on motion of the prosecutor if a "juvenile 14 years of age or older is accused of an act that if committed by an adult would be a felony[.]" The family division of the circuit court only has subject-matter jurisdiction over juveniles who are at least 14 years old and are charged with specified juvenile violations if the prosecutor files a petition in the family division instead of filing a complaint and warrant with the criminal division of the circuit court. MCL 712A.2(a)(1).

This case involves the automatic waiver process. It is undisputed that CSC-I is designated as a "specified juvenile violation." MCL 600.606(2)(a); MCL 712A.2(a)(1)(A); MCL 764.1f(2)(a). The prosecutor automatically waived the family division's jurisdiction by filing a felony complaint and jurisdiction was vested in the criminal division of the circuit court. MCL 600.606(1); MCL 764.1f(1). Defendant's acquittal of the charge of CSC-I under MCL 750.520b(2)(b) did not strip the criminal division of its jurisdiction. Once jurisdiction has properly attached, "there is a presumption against divesting a court of its jurisdiction . . . and any doubt is resolved in favor of retaining jurisdiction." *People v Veling*, 443 Mich 23, 32; 504 NW2d 456 (1993). The criminal division had jurisdiction to sentence defendant as an adult for his convictions. Moreover, testimony at trial established that defendant was 14 years of age or older when the offense occurred. Trial counsel was not ineffective for failing to advocate for a meritless position. See *Head*, 323 Mich App at 539.

## B. FAILURE TO PREPARE WITNESSES AND UTILIZE EVIDENCE

Defendant next argues that trial counsel was ineffective because he failed to sufficiently prepare witnesses for trial and failed to utilize certain evidence to damage the victim's credibility. We disagree.

Defendant's strategy centered around the fact that the abuse did not occur. Defendant acknowledges that the record reflects that the defense witnesses testified regarding the time defendant lived next door to the victim, his age at that time, and provided testimony to contradict ST's testimony. Defendant quibbles about the amount of time trial counsel spent preparing each witness, but has not provided any argument that the defense witnesses were unprepared to answer the questions posed to them. He maintains that trial counsel failed to utilize testimony regarding "unique" characteristics of defendant's penis and the fact that he did not wear underwear to damage the victim's credibility.

"Decisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy[.]" *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). Defendant must overcome the strong presumption that his trial counsel's performance constituted sound trial strategy. *Abcumby-Blair*, 335 Mich App at 236-237. "A particular strategy does not constitute ineffective assistance of counsel simply because it does not work." *People v Carll*, 322 Mich App 690, 702; 915 NW2d 387 (2018) (cleaned up). We will not second-guess matters of trial strategy or "assess counsel's competence with the benefit of hindsight." *Id*. at 237 (cleaned up). Defendant has failed to overcome the strong presumption that counsel engaged in sound trial strategy.

## C. FAILURE TO PROVIDE CORRECT PLEA OFFER

Defendant also contends that trial counsel was ineffective because he failed to provide the correct plea offer to defendant. We disagree.

"[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v Frye*, 566 US 134; 132 S Ct 1399; 182 L Ed 2d 379 (2012). To show that trial counsel's failure to inform the defendant of a formal plea offer prejudiced the defendant, a defendant must

establish that "the outcome of the plea process would have been different with competent advice." *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014) (cleaned up).

At the plea hearing, trial counsel initially recounted that the plea offer was "to reduce this to have [defendant] plea to one count of [CSC-III], dismiss everything else," and he related that defendant "doesn't want to take that offer and wishes to proceed to trial." Defendant agreed. Counsel was corrected, however, because he misstated the offer. The prosecution provided the plea offer of "one count of [CSC-II] and one count of [CSC-III], recommendation of concurrent within the guidelines so long as there's no additional criminal behavior or bond violations, and we would dismiss the balance of the other charges, that being at least one count of [CSC-I] . . . ." This was the only plea offer in the record, and it was supported by a written plea agreement form. Moreover, even accepting defendant's argument that there was a plea offer to have defendant plea to only one count of CSC-III, trial counsel indicated that defendant did not want to take such an offer, and defendant agreed on the record. There is no indication that "the outcome of the plea process would have been different . . . ." *Douglas*, 496 Mich at 592. A defendant who has maintained his innocence, as defendant did at trial, is unable to demonstrate that, but for counsel's advice, the result of the plea proceeding would have been different. See *id*. at 597-598.

Because defendant was correctly informed of the only plea offer on record, his trial counsel's conduct did not fall below an objective standard of reasonableness and thus his trial counsel was not ineffective. See *Yeager*, 511 Mich at 488.

## D. FAILURE TO CALL EXPERT WITNESS

Defendant further asserts that trial counsel was ineffective because he failed to call an expert witness to rebut the testimony of the prosecution's expert. We disagree.

Decisions whether to retain expert witnesses are matters of trial strategy. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). "[E]ffective counsel need not always provide an equal and opposite expert." *Carll*, 322 Mich App at 702 (cleaned up). "[I]n many instances, cross-examination will be sufficient to expose defects in an [opposing] expert's presentation." *Id*. However, to establish ineffective assistance on this basis, a defendant must show that an "expert witness would have been able to offer favorable testimony." *Id*. at 703.

In this case, the prosecution called a forensic interviewer to testify about delayed disclosure and forensic-interview protocol. But she did not interview the victim. Trial counsel conducted an extensive cross-examination of the prosecution's expert witness. We will not second-guess matters of trial strategy or "assess counsel's competence with the benefit of hindsight." *Abcumby-Blair*, 335 Mich App at 237 (cleaned up). Defendant has failed to overcome the strong presumption that counsel engaged in sound trial strategy. See *Abcumby-Blair*, 335 Mich App at 236-237. Moreover, a defendant cannot establish a claim of ineffective assistance of counsel merely by speculating that an expert witness could have provided favorable testimony. *Payne*, 285 Mich App at 190.

## III. MOTION FOR A NEW TRIAL

Finally, defendant argues that the trial court abused its discretion by denying his motion for new trial. We disagree.

We review a trial court's decision regarding a defendant's motion for a new trial for an abuse of discretion. *People v Rogers*, 335 Mich App 172, 191; 966 NW2d 181 (2020). A court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Id.* "A mere difference in judicial opinion does not establish an abuse of discretion." *People v Johnson*, 502 Mich 541, 564; 918 NW2d 676 (2018). Any factual findings by the trial court are reviewed for clear error. *Id.* at 565. A finding is clearly erroneous when this Court "is left with a definite and firm conviction that the trial court made a mistake." *Id.* "In the application of this principle, regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C).

Generally, courts are reluctant to grant new trials on the basis of newly discovered evidence. *People v Grissom*, 492 Mich 296, 312; 821 NW2d 50 (2012). Our Supreme Court has established four requirements that a defendant must meet to demonstrate that a new trial is warranted on the basis of newly discovered evidence:

> (1) the evidence itself, not merely its materiality, was newly discovered; (2) the newly discovered evidence was not cumulative; (3) the party could not, using reasonable diligence, have discovered and produced the evidence at trial; and (4) the new evidence makes a different result probable on retrial. [*People v Cress*, 468 Mich 678, 692; 664 NW2d 174 (2003) (cleaned up).]

The defendant bears the onus of establishing "the requisite showing" regarding the four elements of the *Cress* test. *People v Rao*, 491 Mich 271, 274; 815 NW2d 105 (2012). "In order to determine whether newly discovered evidence makes a different result probable on retrial, a trial court must first determine whether the evidence is credible." *Johnson*, 502 Mich at 566-567. "In making this assessment, the trial court should consider all relevant factors tending to either bolster or diminish the veracity of the witness's testimony." *Id.* at 567.

At trial, TH testified that defendant similarly abused her when she was five or six years old. After defendant was convicted, TH recanted her testimony. TH explained that defendant's mother, TH's aunt, did not speak to her for two weeks following the trial. Upon reconnecting, defendant's mother showed TH family pictures from the time period that TH testified that the abuse occurred. Defendant's mother maintained that defendant did not live there at the time the abuse occurred and encouraged TH to change her testimony. After TH recanted, she testified that she did not know the identity of her abuser, but maintained that it was not defendant.

The trial court determined that the evidence was newly discovered evidence and not cumulative. But the trial court concluded, "the evidence [was] not likely to render a different result probable on retrial because of the inherent unreliability of recanting testimony." The trial court determined that "there [were] influences happening to [TH]." The trial court also noted that TH was not the only complaining witness, and the jury found the testimony of the "actual victim" credible. Accordingly, the trial court denied the motion for new trial.

As our Supreme Court has explained, a trial court must first determine whether the newly discovered evidence is credible in order to determine whether a different result is probable on retrial. *Johnson,* 502 Mich at 566-567. All relevant factors tending to either bolster or diminish the veracity of the witness's testimony should be considered by the trial court. *Id.* at 567. In

determining whether new evidence makes a different result probable on retrial, the trial court must consider the evidence that was previously introduced at trial. *Id*. at 571. "As a rule the court is not impressed by the recanting affidavits of witnesses who attempt to show that they perjured themselves at the trial." *People v Norfleet*, 317 Mich App 649, 661; 897 NW2d 195 (2016) (citation omitted); see also *People v Barbara*, 400 Mich 352, 362-363; 255 NW2d 171 (1977) ("Where such [newly discovered] evidence, however, takes the form of witnesses' recantation testimony, it has been traditionally regarded as suspect and untrustworthy."); *People v Van Den Dreissche*, 233 Mich 38, 46; 206 NW 339 (1925) ("[R]ecanting testimony is exceedingly unreliable, and it is the duty of the court to deny a new trial where it is not satisfied that such testimony is true.") (cleaned up).

We are not left with a definite and firm conviction that the trial court made a mistake in its assessment of TH's credibility and the influence she experienced that caused her to recant her testimony. Considering the evidence presented at trial and TH's recantation testimony, the trial court did not err by concluding that TH's testimony would not make a different result probable on retrial. Accordingly, the trial court did not abuse its discretion when it denied defendant's motion for new trial.

Affirmed.

/s/ Stephen L. Borrello
/s/ James Robert Redford
/s/ Sima G. Patel