PEOPLE v BIDWELL

Docket No. 159620. Submitted February 1, 1994, at Detroit. Decided
    May 17, 1994, at 9:10 A.M.

    Gary W. Bidwell was stopped by the police for speeding on
    February 3, 1992, and was placed under arrest and charged
    with carrying a concealed weapon and operating a motor
    vehicle while under the influence of intoxicating liquor. He
    waived a preliminary examination and was bound over to the
    Oakland Circuit Court on both counts. The court, Francis X.
    O'Brien, J., granted the defendant's September 23, 1992, mo-
    tion to dismiss the OUIL charge on the basis that it had not
    been disposed of within seventy-seven days after the defen-
    dant's arrest, as required by MCL 257.625b(2); MSA 9.2325(2)
    (2). The prosecution appealed by leave granted.

        The Court of Appeals held:

        Because there was an additional felony charge arising from
    the same incident, the circuit court erred in dismissing the
    OUIL misdemeanor charge. MCL 257.625b(2); MSA 9.2325(2)(2)
    was intended to apply only to district court adjudications of
    misdemeanors involving OUIL, unlawful blood alcohol level, or
    driving while impaired. The statute was not intended to apply
    to adjudications of those misdemeanor charges if they are
    joined with a felony.

        Reversed and remanded.

1. CRIMINAL LAW — COURTS — JURISDICTION — MISDEMEANORS —
    FELONIES.

    The circuit court has jurisdiction of the entire case where a
    person is charged with a felony joined with a misdemeanor,
    even though the court has no jurisdiction over misdemeanor
    charges alone.

2. CRIMINAL LAW — COURTS — JURISDICTION — DRUNK DRIVING —
    MISDEMEANORS — FELONIES.
    MCL 257.625b(2); MSA 9.2325(2)(2), which outlines the procedure

REFERENCES
Am Jur 2d, Courts §§ 87 et seq.; Criminal Law §§ 336-360.
See ALR Index under Courts; Driving While Intoxicated; Jurisdic-
tion.

to be followed when a person is arrested for a misdemeanor violation of the prohibitions against operating a motor vehicle while under the influence of intoxicating liquor, while having an unlawful blood alcohol content, or while impaired, is not applicable to adjudications of those misdemeanor charges if they are joined with a felony; where a misdemeanor charge and a felony charge are joined, the circuit court has jurisdiction over the entire case; the statute applies only to OUIL, UBAL, or DWI misdemeanor charges adjudicated by the district court (MCL 257.625[1][a],[b], 257.625[3]; MSA 9.2325[1][a],[b], 9.2325[3]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Thomas R. Grden,* Assistant Prosecuting Attorney, for the people.

*Potter, Carniak & Anderson, P.C.* (by *John F. Fleming*), for the defendant.

Before: WAHLS, P.J., and REILLY and R. M. DANIELS,* JJ.

PER CURIAM. Defendant was stopped for speeding on February 3, 1992. He was placed under arrest and charged with carrying a concealed weapon, MCL 750.227; MSA 28.424, and operating a motor vehicle while under the influence of intoxicating liquor (OUIL), MCL 257.625(1)(a); MSA 9.2325(1)(a). Defendant waived a preliminary examination scheduled for February 13, 1992, and was bound over to the circuit court on both counts. On September 23, 1992, defendant filed a motion to dismiss the OUIL charge on the basis that it had not been disposed of within seventy-seven days after defendant's arrest as required by MCL 257.625b(2); MSA 9.2325(2)(2). The trial court agreed and dismissed the charge. The prosecution

---

* Circuit judge, sitting on the Court of Appeals by assignment.

appeals by leave granted from the circuit court's order dismissing the OUIL charge. We reverse.

MCL 257.625b(2); MSA 9.2325(2)(2) provides, in relevant part:

> The court shall, except for delay attributable to the unavailability of the defendant, a witness, or material evidence, or due to an interlocutory appeal or exceptional circumstances, but not a delay caused by docket congestion, finally adjudicate, by a plea of guilty or nolo contendere, or the entry of a verdict, or by other final disposition, a case in which the defendant is charged with a misdemeanor violation of section 625(1) or (3), or section 625m, or a local ordinance substantially corresponding to section 625(1) or (3), or section 625m, within 77 days after the person is arrested for the violation or, if an arrest warrant is reissued, not more than 77 days after the date the reissued arrest warrant is served.

On appeal, the prosecution contends that the circuit court erred in dismissing the OUIL misdemeanor charge because there was an additional felony charge arising from the same incident. The prosecution argues that MCL 257.625b(2); MSA 9.2325(2)(2) was intended to apply only to district court adjudications of OUIL misdemeanors. We agree.

The primary purpose of statutory construction is to discover and give effect to the intent of the Legislature. *People v Hill,* 192 Mich App 102, 114; 480 NW2d 913 (1991). Where statutory language is of doubtful meaning, a reasonable construction must be given, looking to the purpose of the act. *Id.* The spirit and purpose of the statute should prevail over its strict letter. *Id.*

The first two sections of MCL 257.625b; MSA 9.2325(2) outline the proceedings for a person arrested for a misdemeanor violation of OUIL, unlaw-

ful blood alcohol content (UBAL),[1] or driving while impaired (DWI)[2]: (1) an arraignment must be held within fourteen days after the arrest, (2) a pretrial conference must be held within thirty-five days after the arrest, and (3) the matter must be adjudicated within seventy-seven days after the arrest. District courts have jurisdiction over these misdemeanors. MCL 600.8311(a); MSA 27A.8311(a).

However, where a person is charged with a felony and a misdemeanor, the circuit court has jurisdiction of the entire case, even though it has no jurisdiction over misdemeanor charges alone. *People v Veling,* 443 Mich 23, 33; 504 NW2d 456 (1993); *People v Loukas,* 104 Mich App 204; 304 NW2d 532 (1981). Significantly, MCL 257.625b; MSA 9.2325(2) does not refer to OUIL, UBAL, and DWI misdemeanors when they are joined with felonies. Because the statute fails to do so, we believe it is not applicable to adjudications of misdemeanor charges if joined with a felony.

MCL 257.625b(2); MSA 9.2325(2)(2) also contains an express reference to the number of judges within the "district" when setting forth the time limits for holding a pretrial conference:

> The pretrial conference shall be held not more than 35 days after the date of the person's arrest for the violation or, if an arrest warrant is reissued, not more than 35 days after the date the reissued arrest warrant is served, *unless the court has only 1 judge who sits in more than 1 location in that district,* in which case the pretrial conference shall be held not more than 42 days after the date of the person's arrest for the violation or, if an arrest warrant is reissued, not more than 42

---

[1] MCL 257.625(1)(b); MSA 9.2325(1)(b).

[2] MCL 257.625(3); MSA 9.2325(3). The statute also applies to commercial motor vehicle drivers whose blood alcohol content is 0.04 percent in violation of MCL 257.625m; MSA 9.2325(13).

days after the date the reissued arrest warrant is served. [Emphasis added.]

The absence of any similar reference to the number of circuit judges supports our conclusion that the statute is applicable only to district courts. Furthermore, the purposes of the time limits contained in the statute were to move drunk driving cases as quickly as possible through the criminal justice process and to assure prompt punishment of offenders. *People v Smith,* 200 Mich App 237, 241; 504 NW2d 21 (1993). There is no indication that the Legislature was additionally concerned with moving felony cases that arise from the same drunk driving incident through the circuit courts.

Accordingly, this Court holds that MCL 257.625b(2); MSA 9.2325(2)(2) is applicable only to OUIL, UBAL, or DWI misdemeanor charges adjudicated by the district courts. When a charge for one of the misdemeanors is joined with a felony charge and bound over to circuit court, the statute is not applicable. Therefore, we reverse the circuit court's dismissal of the OUIL charge against defendant.

Reversed and remanded. We do not retain jurisdiction.