PEOPLE v FISH (ON REMAND)

Docket No. 165941. Submitted March 1, 1994, at Lansing. Decided
     August 4, 1994; approved for publication November 18, 1994, at
     9:15 A.M. Leave to appeal sought.

     Matthew S. Fish was charged in the 52-1 District Court with
     operating a motor vehicle while under the influence of liquor,
     third offense, and with driving while his driver's license was
     suspended. The court, Brian W. MacKenzie, J., reduced the
     OUIL, third offense, charge to OUIL, second offense, ruling the
     OUIL, third offense, statute, MCL 257.625(6)(d); MSA 9.2325(6)
     (d), unconstitutional. The Oakland Circuit Court, Rudy J. Ni-
     chols, J., reversed and reinstated the original charge. The Court
     of Appeals denied the defendant leave to appeal. The Supreme
     Court, in lieu of granting leave, remanded the case to the Court
     of Appeals for consideration as on leave granted. 442 Mich 936
     (1993).

     On remand, the Court of Appeals *held:*

     1. None of the defendant's challenges to the constitutionality
     of § 625(6)(d) have merit.

     2. Section 625(6)(d) makes OUIL, third offense, a separate
     offense as opposed to providing sentence enhancement for an
     ·OUIL conviction within ten years of two or more prior convic-
     tions under § 625(1) or a local ordinance or another state's law
     substantially corresponding to § 625(1). Conviction of OUIL, third
     offense, requires proof of the prior convictions beyond a reason-
     able doubt.

     Affirmed; remanded for further proceedings

AUTOMOBILES — OPERATING A MOTOR VEHICLE WHILE UNDER THE
     INFLUENCE OF LIQUOR, THIRD OFFENSE.

     The statute governing operating a motor vehicle while under the
     influence of liquor, third offense, established OUIL third offense,
     as a separate offense rather than merely providing sentence
     enhancement for an OUIL conviction within ten years of two or

REFERENCES
Am Jur 2d, Automobiles and Highway Traffic §§ 298, 357, 361;
     Criminal Law, § 267.
See ALR Index under Driving While Intoxicated.

more OUIL convictions; the prior convictions are elements of the crime of OUIL, third offense, and must be proved beyond a reasonable doubt in order to convict a defendant of OUIL, third offense (MCL 257.625[6][d]; MSA 9.2325[6][d]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Joyce F. Todd,* Chief, Appellate Division, and *Anica Letica,* Assistant Prosecuting Attorney, for the people.

*MacDonald & Goren, P.C.* (by *Stephen M. Ryan* and *Lawrence C. Atorthy*), for the defendant.

Amici Curiae:

*Margaret Chiara, John D. O'Hair,* and *Timothy A. Baughman,* for Prosecuting Attorneys Association of Michigan.

*Robert W. Larin,* for Robert W. Larin.

ON REMAND

Before: MacKENZIE, P.J., and GRIBBS and M. E. DODGE,* JJ.

PER CURIAM. This matter has been remanded to this Court by our Supreme Court for consideration as on leave granted. 442 Mich 936 (1993). We affirm the circuit court order reversing the decision of the district court, and remand for further proceedings.

Defendant was arrested in January 1992 for operating a vehicle while under the influence of liquor (OUIL), or while having an unlawful blood alcohol level (UBAL), MCL 257.625(1); MSA 9.2325(1), and for driving while his license was suspended, MCL 257.904(1)(b); MSA 9.2604(1)(b).

---

*˙ Circuit judge, sitting on the Court of Appeals by assignment.

Because of two alleged prior convictions for driving under the influence in Texas, defendant was charged with OUIL, third offense (OUIL-3), MCL 257.625(6)(d); MSA 9.2325(6)(d), a felony.

At the preliminary examination, defendant raised the issue of the constitutionality of the law as drafted. The district court ruled that MCL 257.625; MSA 9.2325 is unconstitutional as it relates to third offenders. On April 6, 1992, the district court entered an order dismissing the felony charge and reducing it to OUIL, second offense (OUIL-2), MCL 257.625(6)(b); MSA 9.2325(6)(b).

The prosecutor appealed and, on September 16, 1992, the circuit court reversed the district court order and reinstated the OUIL-3 charge. This Court denied leave to appeal and defendant then sought leave from the Michigan Supreme Court. On June 30, 1993, in lieu of granting leave, the Supreme Court remanded the matter to us for consideration as on leave granted. Proceedings have been stayed by the circuit court pending appeal. In addition to the arguments raised by the parties, amicus briefs have been filed.

We agree with the circuit court that defendant's challenges to the constitutionality of the OUIL-3 statute are meritless. Statutes are presumed to be constitutional, and we have a duty to construe a statute as constitutional "unless the contrary clearly appears." *Caterpiller, Inc v Dep't of Treasury,* 440 Mich 400, 413; 488 NW2d 182 (1992).

However, we reject the prosecution's claim that the statute here merely provides for sentence enhancement. MCL 257.625(6)(d); MSA 9.2325(6)(d) contains the following provision for a person convicted of OUIL, a misdemeanor:

> If the violation occurs within 10 years of 2 or more prior convictions, the person is guilty of a

felony, and shall be sentenced to imprisonment for not less than 1 year or more than 5 years, or a fine of not less than $500.00 or more than $5,000.00, or both.

Where a statute establishes a separate crime, rather than a procedure for sentence enhancement, the prosecutor must prove all elements of the offense, including the prior convictions. *People v Raisanen,* 114 Mich App 840, 846; 319 NW2d 693 (1982). Before the most recent amendment of MCL 257.625(6)(d); MSA 9.2325(6)(d), the Supreme Court held that OUIL-3 is a separate crime. *People v Bewersdorf,* 438 Mich 55, 68; 475 NW2d 231 (1991). The Legislature is presumed to be aware of the judiciary's interpretation, and its silence with regard to the issue suggests agreement with the Court's construction. *Craig v Larson,* 432 Mich 346, 353; 439 NW2d 899 (1989). Because the Legislature did not change the definition of OUIL-3, we conclude that it did not intend to change the requirement that prior convictions be treated as elements of the crime.

Further, there is nothing inconsistent with requiring that the prosecution first prove at trial each prior conviction beyond a reasonable doubt as an element of OUIL-3 and then, at sentencing, establish the defendant's prior convictions under the preponderance of the evidence standard. Indeed, this is the same procedure that was used when the prosecution sought an enhanced sentence before the revision of the statute. See *Bewersdorf, supra.*

There is no merit to defendant's claim that the OUIL-3 statute unconstitutionally vests jurisdiction in the district court. Where, as here, a person is charged with a felony and a misdemeanor, the circuit court has jurisdiction of the entire case,

even though it has no jurisdiction over misdemeanor charges alone. *People v Bidwell,* 205 Mich App 355; 522 NW2d 138 (1994).

We also find meritless defendant's contention that the OUIL-3 statute is unconstitutional because it doesn't require that prior convictions be proved at the preliminary examination. As the prosecutor concedes, the people must comply with the rules of evidence at the preliminary examination and must prove the substantial correspondence of the OUIL statute to the Texas drunken-driving law under which defendant was convicted. MCR 6.110(C), MRE 1101, MCL 257.625(6)(f); MSA 9.2325(6)(f).

The circuit court order reversing the district court's dismissal of defendant's OUIL-3 charge is affirmed. This matter is remanded for further proceedings. We do not retain jurisdiction.