# SPECIAL ORDERS

*Order Entered May 5, 1995:*

PEOPLE v WEATHERHOLT, Docket No. 161292. The Court orders that a special panel shall be convened pursuant to Administrative Order No. 1994-4 to resolve the conflict between this case and *People v Fish (On Remand),* 207 Mich App 486 (1994).

The Court further orders that the opinion in this case released April 21, 1995, is hereby vacated.

The appellant may file a supplemental brief within 28 days of the Clerk's certification of this order. Appellee may file a supplemental brief within 21 days of service of appellant's brief. Nine copies must be filed with the Clerk of the Court.

PEOPLE v WEATHERHOLT

DOCKET No. 161292. RELEASED APRIL 21, 1995; VACATED MAY 5, 1995.

Before: MURPHY, P.J., and GRIFFIN and W. A. CRANE,* JJ.

GRIFFIN, J. We follow the precedent of *People v Fish (On Remand),* 207 Mich App 486; 525 NW2d 467 (1994), only because we are required to do so. In accordance with *Fish,* we remand for modification of defendant's judgment of conviction and for resentencing. Were it not for Administrative Order No. 1994-4, we would affirm.

I

Defendant was charged and convicted of operating a motor vehicle while under the influence of intoxicating liquor (OUIL) and while having an unlawful blood alcohol level in excess of 0.10 percent by weight of alcohol (UBAL) in violation of MCL 257.625 *et seq.;* MSA 9.2325 *et seq.* In the information, the prosecutor listed defendant's two previous OUIL-UBAL convictions and specified that the current charges were "third offense notice." The prosecutor also gave notice of his intent to seek an enhanced sentence upon conviction:

> Therefore, upon conviction upon the charged offense or the lesser offense of operating a vehicle while visibly impaired, the defendant will be subject to an enhanced sentence under MCL 257.625(6) or MCL 257.625(10).

At the close of proofs following a jury trial, defense counsel argued that the issue of defendant's prior convictions should be submitted to the jury.[1] The trial court responded that, pursuant to MCL

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] At trial, the present issue of statutory construction was not in dispute. Rather, the request for a jury determination of defendant's prior convictions was based on constitutional grounds:

257.625(12); MSA 9.2325(12), it was the court's function to make a determination regarding prior convictions. After the jury found defendant guilty of OUIL and UBAL, the prosecutor submitted certifications of defendant's prior convictions to the court. On the basis of convic-

---

*Mr. Kipley [defense counsel]:* Judge, just briefly, as more of preserving the matter for appeal. I know that after the verdict, no matter which way it turns, there's always some hustle and bustle and noise, and this and that.

*I am certainly cognizant of the fact that the Legislature has seen fit to change how the court deals with subsequent drunk driving offenses, and has taken that circumstance away from the perview [sic] of the jury, and has left that with the court in terms of a matter for sentencing.*

I believe—and I'll place this on the record at this point—that that is an unconstitutional delegation of authority by the Legislature in a criminal matter, and removes from this defendant the opportunity of having a jury of his peers determine the fact circumstances of whether he has, in fact, been convicted of drunk driving offenses in the past, as prescribed by the statute. We have the jury here, and it would be my intent to have the jury determine whether, in fact, Mr. Weatherholt has been convicted of these prior offenses before they leave here today.

Now, we can deal with that now. We can rule that now if—I want the jury to come in and make that verdict determination and have them deal with it after that circumstance, fine, but I am going to ask the jury be put back in the jury room and I'll do this again.

*Mr. Gomery [assistant prosecutor]:* Your Honor, I believe the statute is perfectly clear now, as amended in 1992, last year, there's no bifurcated trials. It is now a matter of law for the judge to consider. I think it is clear, and I would not consent to having the jury hear the matter of the priors.

*The Court:* It is clear that the Legislature, when they revised the drunk driving laws, specifically at MCLA 257.265(12) have established a procedure, whereby at sentencing the Court is to make a determination regarding prior convictions based upon submission of either an abstract of the convictions, a copy of the defendant's driving record, or admissions by the defendant. The Court is not aware of any constitutional right that is being infringed here, especially, in view of recent Supreme Court precedent that no longer allows the defendant to challenge the validity of a guilty plea, if no challenge was made within the prior proceeding. Here, it would appear that this a ministerial task, but counsel has noted an objection on behalf of his client for the record, and certainly that matter can be pursued and addressed by the appellate courts. This Court does intend to follow the procedure laid out by current statute, and will have the record so note the objection of the defendant.

*Mr. Kipley:* I am trying to preserve the issue for appeal, Judge. [Emphasis added.]

tion certificates, the trial court sentenced defendant to an enhanced sentence in accordance with MCL 257.625(6)(d); MSA 9.2325(6)(d).

II

On appeal, defendant asserts that he was denied his statutory right to receive a jury determination whether the prosecutor had sustained his burden of proving defendant's prior convictions. In our view, the circuit court properly rejected defendant's argument on the basis of the recent amendments of the anti-drunk-driving statute. Nevertheless, on the basis of the authority of *Fish, supra,* and pursuant to Administrative Order No. 1994-4, we reverse defendant's sentence and remand for resentencing in accordance with the penalties authorized for OUIL-UBAL, first offense.

III

In 1991, the Michigan Legislature rewrote our drunk driving laws. One of the major changes accomplished by 1991 PA 98 (effective January 1, 1992) was the addition of subsections 11 and 12 to MCL 257.625; MSA 9.2325. These new subsections establish a procedure for the prosecutor to seek an enhanced sentence based upon one or more prior convictions. MCL 257.625; MSA 9.2325, as amended by 1991 PA 98, provides in pertinent part:

> (11) If the prosecuting attorney intends to seek an enhanced sentence under subsection (6)(b) or (d) or (10)(b) or (c) based upon the defendant having 1 or more prior convictions, the prosecuting attorney shall include on the complaint and information filed in district court, circuit court, recorder's court, municipal court, or probate court a statement listing the defendant's prior convictions.
>
> (12) A prior conviction shall be established at sentencing by 1 or more of the following:
>
> (a) An abstract of conviction.
>
> (b) A copy of the defendant's driving record.
>
> (c) An admission by the defendant.

The above-quoted amendments clearly provide that if a defendant has prior drunk driving convictions, the prosecutor may seek "*an enhanced sentence.*" Further, under the statute, proof of the prior convictions is adduced "*at sentencing.*" Such proofs "shall be established at sentencing" by an abstract of conviction, a copy of defendant's driving record, or an admission by defendant. We conclude that under the present statute, the jury has no role in determining whether defendant has been convicted of prior drunk driving offenses.

Despite the above plain and unambiguous language, a panel of this Court in *Fish, supra,* relied upon preamendment case law in holding that "OUIL-3" is a separate crime for which the prosecutor must prove defendant's convictions to the trier of fact beyond a reasonable doubt. The *Fish* panel cited the preamendment authorities of *People v*

*Bewersdorf,* 438 Mich 55, 68; 475 NW2d 231 (1991),[2] and *People v Raisanen,* 114 Mich App 840, 846; 319 NW2d 639 (1982). The *Fish* panel, *supra* at 489, concluded:

> Because the Legislature did not change the definition of OUIL-3, we conclude that it did not intend to change the requirement that prior convictions be treated as elements of the crime.

We respectfully disagree. It appears that the *Fish* panel was not cognizant of the substantive changes in the statute as specified by subsections 11 and 12. In this regard, we note that no reference or discussion of these changes is made in *Fish.*

In our view, the sentence enhancement provisions of the new anti-drunk-driving statute are analogous to the enhancement provisions of the controlled substances act, MCL 333.7413; MSA 14.15(7413). In *People v Eason,* 435 Mich 228, 232, 234; 458 NW2d 17 (1990), the Supreme Court construed the sentence enhancement provisions of the controlled substances act as not providing for a trial on the issue of prior convictions:

> The sentence enhancement provision is a legislative authorization for judges to tailor punishment to the criminal on the basis of an objective factor, i.e., a prior conviction under the same statute.

> \* \* \*

> Where the statute does not contemplate a separate trial-type proceeding but, rather, provides for sentence enhancement, due process requires a reasonable opportunity to challenge the accuracy of the information relied on in passing sentence.

Unlike the controlled substances act, our new drunk driving statute contains express notice requirements concerning prior convictions and the prosecutor's intention to seek an enhanced sentence. However, in all other respects, we would construe the sentence enhancement provisions of the new drunk-driving statute in a manner consistent with *Eason.*

IV

The other issues raised by defendant are without merit. Defendant did not challenge the sufficiency of the information in the lower court and, therefore, has waived the issue absent manifest injustice. *People v Covington,* 132 Mich App 79, 86-87; 346 NW2d 903 (1994). We perceive no such injustice.

Finally, the seventy-seven-day rule asserted by defendant applies only if defendant is charged with a misdemeanor. MCL 257.625b(2);

---

[2] The statement in *Bewersdorf* that OUIL-3 is a separate crime was dicta. Additionally, the reference was to the anti-drunk-driving statute before its 1991 amendments.

MSA 9.2325(2)(2). In the present case, the information filed against defendant specified that the prosecutor was seeking felony penalties as an enhanced sentence. Because defendant was charged with a felony and was bound over to the circuit court, the seventy-seven-day rule for misdemeanors does not apply.

Defendant's conviction of OUIL-UBAL is affirmed. Defendant's judgment of conviction is hereby ordered modified to OUIL-UBAL, first offense. Remanded for resentencing. We do not retain jurisdiction.