## PEOPLE v LOUKAS

Docket No. 48081. Submitted November 13, 1980, at Lansing.—Decided March 3, 1981.

Edward A. Loukas, Jr., pled nolo contendere to careless driving and resisting arrest pursuant to a plea-bargain agreement and was sentenced to jail, Oakland Circuit Court, Hilda R. Gage, J. He appeals, alleging that his plea was invalid because the trial court did not have jurisdiction to accept a plea joining a misdemeanor and a felony count. *Held:*

The trial court properly accepted defendant's plea. The court acted in accordance with jurisdiction provisions in the Michigan Constitution and applicable statutes. The charges against defendant arose out of the same transaction. In addition, defendant did not object to the inclusion of the two counts on the same information.

Affirmed.

1. COURTS — CRIMINAL LAW — JURISDICTION OF DISTRICT COURTS — STATUTES.

A district court has jurisdiction over misdemeanors punishable by fine, or imprisonment not exceeding one year, or both (MCL 600.8311; MSA 27A.8311).

2. COURTS — CRIMINAL LAW — JURISDICTION — MISDEMEANORS — STATUTES.

A district court does not have exclusive jurisdiction over all misdemeanors; nor is a circuit court prohibited by the statute conferring jurisdiction over misdemeanors on the district court from exercising concurrent jurisdiction over certain misdemeanors where warranted by circumstances (MCL 600.8311, 767.1; MSA 27A.8311, 28.941).

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 21 Am Jur 2d, Criminal Law § 376.
[2] 21 Am Jur 2d, Criminal Law § 396.
[4] 21 Am Jur 2d, Criminal Law §§ 392, 396.
  41 Am Jur 2d, Indictments and Informations § 209 *et seq.*
[5] 41 Am Jur 2d, Indictments and Informations § 209 *et seq.*

3. COURTS — CRIMINAL LAW — JURISDICTION — CONSTITUTIONAL LAW.

> A circuit court has original jurisdiction in all matters not prohibited by law (Const 1963, art 6, § 13).

4. COURTS — CRIMINAL LAW — JOINDER OF CHARGES — JURISDICTION — STATUTES.

> A misdemeanor properly may be joined with a related felony offense in circuit court pursuant to statutory provisions for concurrent jurisdiction of circuit courts with district courts (MCL 767.1; MSA 28.941).

5. CRIMINAL LAW — TRIAL — JOINDER OF CHARGES.

> Joinder of several distinct charges against a defendant does not prejudice his defense or require a trial court to quash or compel an election between offenses where the charges arise out of substantially the same transaction or are so connected in their facts as to constitute parts of the same transaction.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *David W. King,* Assistant Prosecuting Attorney, for the people.

*O'Connell & Wayne,* for defendant.

Before: M. J. KELLY, P.J., and ALLEN and C. L. HORN,* JJ.

C. L. HORN, J. Defendant, Edward Andrew Loukas, Jr., was charged in a single information with one count of reckless driving, contrary to MCL 257.626; MSA 9.2326, and one count of resisting arrest, contrary to MCL 750.479; MSA 28.747. After a preliminary examination, defendant was bound over on both charges. Pursuant to a plea-bargain agreement, the charge of reckless driving was dropped and one count of careless driving, MCL 257.626b; MSA 9.2326(2), was added. Defendant then pled nolo contendere to resisting arrest

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and careless driving in the Oakland County Circuit Court.

The circumstances surrounding the alleged offenses are as follow. On November 29, 1978, at approximately 2 a.m., state police troopers observed defendant traveling south at an excessive rate of speed on Telegraph Road in the City of Southfield, Oakland County, near the intersection of Ten Mile Road. The officers gave chase, accelerating their vehicle to 110 miles per hour, but defendant's vehicle continued to pull away. As the officers approached the intersection of Telegraph Road and Nine Mile Road, they observed defendant momentarily slow down and then proceed through the intersection at a high rate of speed against a steady red light. The officers continued their chase on Telegraph Road across Eight Mile Road and into the City of Detroit. They were finally able to stop defendant's vehicle in a gasoline station parking area after he was forced to stop at the intersection of Telegraph Road and Seven Mile Road because all southbound lanes of Telegraph Road were occupied by vehicles stopped for a red light.

Defendant argues that his nolo contendere plea was invalid because the circuit court did not have jurisdiction to take a plea which joins a felony count and a misdemeanor count. The charge of resisting arrest, because it is a felony, could be tried only in circuit court. MCL 600.601; MSA 27A.601, *People v West,* 54 Mich App 527, 530; 221 NW2d 179 (1974). The jurisdiction of district courts over misdemeanors is described in MCL 600.8311; MSA 27A.8311 as follows:

"The district court shall have jurisdiction of:
"(a) Misdemeanors punishable by fine or imprisonment not exceeding 1 year, or both."

Defendant argues that § 8311 required that the misdemeanor charge of reckless driving be brought in district court rather than joined with a felony charge in circuit court.

However, § 8311 does not provide that the district court shall have exclusive jurisdiction over all misdemeanors, nor does it prohibit the circuit court from exercising concurrent jurisdiction over certain misdemeanors where the circumstances so warrant. Since the misdemeanor charge of reckless driving in this case arose out of the same conduct and involved the same sequence of events as the felony charge, it was properly joined with the felony at the circuit court level.

The Michigan Constitution of 1963, art 6, § 13, provides that the "circuit court shall have original jurisdiction in all matters not prohibited by law * * *". Circuit courts are therefore presumed to have jurisdiction unless the matter in question is specifically excluded by law. In light of the fact that circuit court jurisdiction over certain misdemeanors is not expressly prohibited, it has been held that in appropriate circumstances a misdemeanor should be joined with a related felony offense in circuit court under the statute providing concurrent jurisdiction with the district court. See, MCL 767.1; MSA 28.941, *People v Winford,* 404 Mich 400, 408, fn 11; 273 NW2d 54 (1978). Accordingly, we hold that, in a case such as the case at bar, a misdemeanor violation of state law may be properly joined with a felony violation in circuit court. This, however, is subject to the rules governing joinder applicable in other situations.

Our courts have previously held that the joinder of several distinct charges against a defendant does not prejudice his defense or require a trial court to quash or compel an election between

offenses where the charges arise out of substantially the same transaction or are so connected in their facts as to constitute parts of the same transaction. This requires that the several counts "must arise out of substantially the same acts committed at the same time". *People v Johns,* 336 Mich 617, 623; 59 NW2d 20 (1953). Under the ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Joinder and Severance (Approved Draft, 1968), Standard 1.1, separate offenses may be joined if they "are of the same or similar character" or are "based on the same conduct or on a series of acts connected together * * *". *People v Tobey,* 401 Mich 141, 150; 257 NW2d 537 (1977), *People v Sylvester Smith,* 90 Mich App 20, 26; 282 NW2d 227 (1979).

In the case at bar, the charges of reckless driving and resisting arrest were based on the same conduct. Defendant's driving was an act of recklessness at the same time that it constituted the method by which defendant resisted arrest. Under these circumstances, we find no prejudice to the defendant in the joinder of the two counts. Furthermore, defendant did not object to the inclusion of these two counts on the same information before he voluntarily entered the plea of nolo contendere. See *People v Dexter,* 6 Mich App 247, 252; 148 NW2d 915 (1967), *Sylvester Smith, supra,* 27. Accordingly, we find no cause for reversal.

We have examined defendant's other arguments and find them to be without merit.

Affirmed.