### PEOPLE v SHACKELFORD

Docket No. 80406. Submitted July 10, 1985, at Grand Rapids.—Decided October 8, 1985.

Defendant, Samuel P. Shackelford, was charged with possession of marijuana and with being a second controlled substance offender. He was convicted of possession of marijuana, a misdemeanor, Kent Circuit Court, Robert A. Benson, J. The court granted the prosecution's motions to dismiss the second offender charge and proceed to immediate sentencing. It denied defendant's request for a presentence report and sentenced defendant to the maximum possible sentence, one year in the county jail. Defendant appealed. *Held:*

1. Defendant alleges that the second offender charge was a ruse to confer jurisdiction on the circuit court. Defendant failed to move to separate the charges and remand the possession charge to the district court. Under those circumstances, and in the absence of anything more than conjecture to substantiate the claim of ruse, there was no basis to hold that the court was without jurisdiction to sentence defendant on the misdemeanor.

2. Defendant's sentence does not violate the constitutional guarantees of equal protection and prohibitions against cruel and unusual punishment.

3. In criminal cases where the maximum possible sentence does not exceed one year, the sentencing court has discretion to secure a presentence report or to proceed without one. Where, in such cases, the defendant requests a presentence report, the court need not grant the request, but the court must articulate a good reason for denying the request. Failure to do so constitutes reversible error.

Remanded with instructions.

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Criminal Law §§ 592-594, 625-631.

Am Jur 2d, Drugs, Narcotics, and Poisons §§ 16, 17, 40-48.

Review for excessiveness of sentence in narcotics case. 5 ALR3d 812.

[2, 3] Am Jur 2d, Criminal Law §§ 527 *et seq.*

Defendant's right to disclosure of presentence reports. 40 ALR3d 681.

1.  Controlled Substances — Possession of Marijuana — Equal
    Protection — Cruel and Unusual Punishment.
    The maximum one-year sentence for possession of marijuana does
    not violate the constitutional guarantees of equal protection or
    prohibitions against cruel and unusual punishments (MCL
    333.7403[2][d]; MSA 14.15[7403][2][d]).

2.  Criminal Law — Sentencing — Presentence Reports.
    A sentencing court has discretion, where the maximum possible
    sentence does not exceed one year, to secure a presentence
    report or to proceed to sentencing without one; where the
    defendant requests a presentence report, the court need not
    order one, but it should articulate a good reason for denying
    the request.

3.  Criminal Law — Sentencing — Presentence Reports — Prose-
    cuting Attorneys.
    A prosecuting attorney has no right to object to the preparation
    of a presentence report.

*Frank J. Kelley,* Attorney General, *Louis J. Ca-
ruso,* Solicitor General, *David H. Sawyer,* Prosecut-
ing Attorney, and *Timothy K. McMorrow,* Chief
Appellate Attorney, for the people.

*John Allen Johnson,* for defendant.

Before: Wahls, P.J., and Allen and J. C. Rav-
itz,* JJ.

Per Curiam. Defendant was convicted in a
bench trial in the Kent County Circuit Court of
the misdemeanor offense of possession of mari-
juana, MCL 333.7403(2)(d); MSA 14.15(7403)(2)(d),
and sentenced immediately thereafter to the maxi-
mum penalty of one year in the Kent County Jail.
In this appeal as of right, defendant challenges the
jurisdiction of the sentencing court and the consti-
tutionality of his marijuana sentence.

This case originated with the execution of a

* Recorder's court judge, sitting on the Court of Appeals by assign-
ment.

search warrant by the Grand Rapids Police Department at a videogame room and candy store owned by defendant. The warrant was for the search and seizure of marijuana and Preludins. The police confiscated seven marijuana cigarettes from the shirt pocket of defendant. In addition, they found a number of roach clips, a supply of rolling papers, and marijuana seeds and stems on the premises.

The underlying charge in this case, possession of marijuana, is a misdemeanor with a maximum penalty of one year in the county jail. *Id.* As such, this offense comes under the jurisdiction of the district court, not the circuit court, MCL 600.8311; MSA 27A.8311. However, in this case, jurisdiction was conferred on the Kent County Circuit Court because the prosecutor charged defendant as a second offender under MCL 333.7413; MSA 14.15(7413). That statute provides for a maximum sentence twice that of the original charge of one year. MCL 333.7413(2); MSA 14.15(7413)(2). Since defendant was then vulnerable to up to two years' incarceration, he was tried in the circuit court. Const 1963, art 6, § 13. See *People v Loukas,* 104 Mich App 204; 304 NW2d 532 (1981).

After defendant was convicted of possession of marijuana, the prosecutor moved to dismiss the second offender charge. The court granted this motion. The prosecutor then moved to have defendant immediately sentenced. Defense counsel objected and requested a presentence report, but the court proceeded to summarily sentence defendant to the maximum penalty of one year in the county jail.

Defendant had previously been convicted of possession of marijuana and of possession of a controlled dangerous substance.

I. *Did the circuit court have jurisdiction to sen-*

*tence defendant after dismissal of the second offender charge?*

Defendant claims that the second offender charge was a ruse to get defendant before the circuit court and to then secure a maximum sentence. The argument advanced is that a one-year term in the county jail is not a severe sentence to a circuit court judge, who commonly sentences for felonies, while a term of one year in the county jail would never have been imposed by a judge in a district court. Defendant also argues the district court judge would not have imposed the maximum sentence without first securing a presentence report.

To the extent that there was both a misdemeanor and felony count properly lodged before the circuit court arising, at least in part, out of the same case, there is no doubt that the circuit court had jurisdiction to try both counts. See, *e.g., People v Loukas, supra,* where this Court held that a circuit court had jurisdiction to take a plea on both felony and misdemeanor counts where both charges arose out of a single transaction. To the extent that *Loukas* can be distinguished, since two separate trials are called for where a supplemental crime is charged, defendant could have moved, prior to trial, to separate the charges and to remand the possession of marijuana charge to the district court. No such motion was brought. We do not hold that the circuit court judge would be obliged to grant such a motion to separate. We do hold, however, that, in the absence of such a motion and in the absence of anything more than conjecture to support the "ruse" theory, there is no basis to hold that the circuit court judge was without jurisdiction to sentence defendant for the misdemeanor offense. On the facts presented, we reject defendant's claim.

II. *Does the one-year jail term for possession of seven marijuana cigarettes by this third-time offender violate constitutional guarantees of equal protection and prohibitions against cruel and unusual punishment?*

The constitutional claims are grounded on the seminal decision of *People v Lorentzen,* 387 Mich 167; 194 NW2d 827 (1972), and *People v Sinclair,* 387 Mich 91; 194 NW2d 878 (1972). These cases were based upon detailed analyses, supported by extensive pretrial hearings, showing the constitutional impropriety of a legislative classification scheme which treated marijuana as a hard drug. Lorentzen had been sentenced to a mandatory 20-year prison term for delivery[1] of marijuana. Sinclair had been sentenced to nine and one-half to ten years in prison for possession of two marijuana cigarettes. The *Lorentzen* and *Sinclair* cases also involved a detailed comparative analysis between the anti-marijuana legislation in Michigan and that in other states. Moreover, the decisions contrasted the penalties of marijuana offenses with the sentence provisions for numerous other assaultive and *malum in se* crimes in Michigan. These comparisons provided the basis for granting relief on equal protection grounds. Marijuana is no longer classified with hard drugs in Michigan. The treatment of marijuana in Michigan is not draconian alongside the laws of other states. The equal protection claim, as it has been advanced in this case, is without merit.

As for the claim of cruel and unusual punishment, defendant cites, here on appeal, a number of cases in which defendants with seemingly worse records or with convictions for possession of larger quantities of marijuana or for delivery of mari-

---

[1] The statutory definition of "delivery" encompassed the giving of one marijuana cigarette, for free, by one friend to another.

juana received lesser sentences than defendant here. However, these allegations do not provide the data required for making a serious constitutional judgment. We note that, although defendant was charged as a second offender, he had two prior convictions.

While we do find the sentence in this case infirm for both procedural and substantive reasons, we do not have sufficient information to find the sentence cruel and unusual or shocking and, on this record, at this time, we reject such an argument.

III. *Was it error for the trial judge to grant the prosecutor's motion for immediate sentencing and to deny the defense request for a presentence report and to impose the maximum term of one year in jail?*

In all criminal cases where the sentence can exceed one year of incarceration, the trial judge is required to secure a presentence report prior to sentencing. MCL 771.14; MSA 28.1144. This is so even if the defendant seeks to waive this requirement. *In the Matter of Del Rio,* 400 Mich 665; 256 NW2d 727 (1977), *app dis* 434 US 1029; 98 S Ct 759; 54 L Ed 2d 777 (1978).

In cases such as the one before us, where the maximum sentence does not exceed one year, the sentencing judge has the discretion to secure a presentence report or to proceed to sentencing without one. The question before us is whether the trial court abused that discretion where the prosecutor urged an immediate sentence, defendant requested a presentence report, and the judge followed the prosecutor's lead and proceeded to immediately impose the maximum sentence. No reason was given by the prosecutor or by the judge for a summary sentencing. At oral argument, counsel for the people stated that he did not know why the prosecutor urged the court not to secure a

presentence report, but proffered a guess that it might have been because the probation department was overburdened.

The prosecutor does not represent the probation department which is a part of the Michigan Department of Corrections. The prosecutor may advocate to the court what a sentence should be. However, the prosecutor has no right to object to the preparation of a presentence report.

While the sentencing judge has a right to deny a defendant's request for a presentence report in a misdemeanor conviction, there should be a good reason for doing so. Sentencing is of such obvious importance to the criminal justice system that no trial judge, without a clear exposition of his discretionary thinking, should deny a defendant a presentence report and proceed to impose a maximum sentence. Such an act is tantamount to saying that nothing the court can learn from the presentence report can help the defendant.

For the reasons stated here, we remand this case to another judge of the circuit court for sentencing after receipt of an updated presentence report. We note in addition that the trial court failed to articulate on the record his reasons for the sentence given as required by *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). On remand, the circuit court judge assigned to sentence defendant shall articulate on the record his reasons for any sentence imposed.

We retain no jurisdiction.