PEOPLE v REID

Docket No. 286784. Submitted December 9, 2009, at Detroit. Decided
June 10, 2010, at 9:00 a.m.

Michael D. Reid was charged in Wayne Circuit Court with felony
drug possession and the misdemeanor of operating a motor vehicle
while intoxicated. On the day of trial, the prosecutor moved to
dismiss the felony drug possession charge, leaving only the misde-
meanor charge. The jury convicted defendant of the misdemeanor,
and defendant appealed.

The Court of Appeals *held*:

Because the felony charge was dismissed before trial com-
menced, the circuit court lacked jurisdiction over the misdemeanor
charge and should have remanded the case to the district court,
which had jurisdiction over the misdemeanor charge under MCL
600.8311(a), for trial on that charge.

Reversed.

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*,
Solicitor General, *Kim L. Worthy*, Prosecuting Attorney,
*Timothy A. Baughman*, Chief of Research, Training,
and Appeals, and *Janice M. Joyce Bartee*, Assistant
Prosecuting Attorney, for the people.

*Rubin & Shulman, PLC* (by *Allan S. Rubin* and *Neil
B. Pioch*), for defendant.

Before: DONOFRIO, P.J., and SAWYER and OWENS, JJ.

SAWYER, J. This case presents the question whether
the circuit court possesses the jurisdiction to try a
defendant on a misdemeanor charge when the accom-
panying felony charge was dismissed before the begin-
ning of trial. We hold that it does not and that the

circuit court erred by trying defendant on the misdemeanor charge rather than remanding the matter to the district court for trial.

This case arises from a traffic stop by the Michigan State Police in Wayne County. The traffic stop resulted in defendant being arrested for operating a motor vehicle while intoxicated (OWI).[1] A search of defendant's vehicle yielded pill bottles and pills, with one of the bottles missing a label. Defendant was originally charged with felony drug possession and misdemeanor OWI. On the day of trial, however, the prosecutor moved to dismiss the felony drug charge, apparently because it had been determined that defendant did, in fact, have a valid prescription for the pills. Thus, only the misdemeanor charge remained. Defendant was convicted on the misdemeanor OWI charge and sentenced to 93 days in jail.

MCL 767.1 generally grants the circuit court jurisdiction over all criminal cases, felony and misdemeanor. But MCL 600.8311(a) specifically grants the district court jurisdiction over misdemeanors punishable by not more than one year in jail. In *People v Veling*,[2] the Supreme Court reviewed the circumstances under which the circuit court may exercise jurisdiction over criminal cases that otherwise belong in other courts. *Veling* itself dealt with juveniles charged as adults under the automatic-waiver statute but convicted of lesser offenses not included within that statute. In resolving that issue, the Court considered the historical circumstances under which the circuit court maintains jurisdiction over misdemeanors. The Court identified three such circumstances.[3]

---

[1] MCL 257.625(1)

[2] *People v Veling*, 443 Mich 23, 32-35; 504 NW2d 456 (1993).

[3] *Id.*

First, relying on *People v Schoeneth*,[4] the *Veling* Court noted that the circuit court maintains jurisdiction to sentence a defendant charged with a felony but convicted of a lesser included misdemeanor. Second, relying on *People v Loukas*,[5] the *Veling* Court observed that when a defendant is charged with multiple counts involving both felony and misdemeanor charges arising out of the same transaction, the circuit court possesses jurisdiction over the misdemeanor as well as the felony charges.[6] And, third, relying on *People v Shackelford*,[7] the *Veling* Court stated that when a posttrial action eliminates a felony charge, the circuit court retains jurisdiction to sentence on the remaining misdemeanor.[8]

None of these circumstances was present here. Had trial commenced on both charges and the felony charge been dismissed by motion or directed verdict, perhaps the *Schoeneth* exception could be said to have applied. But that is not what happened. The felony charge was dismissed before trial. Once that occurred and only a misdemeanor charge that came within the district court's jurisdiction under MCL 600.8311 remained, we believe that under *Veling* the appropriate course of action for the circuit court was to remand the matter to the district court rather than for the circuit court to proceed to trial solely on the misdemeanor charge.

---

[4] *People v Schoeneth*, 44 Mich 489; 7 NW 70 (1880).

[5] *People v Loukas*, 104 Mich App 204; 304 NW2d 532 (1981).

[6] It is on this basis that both of the charges here were to be tried together in circuit court. The misdemeanor followed the felony charge to circuit court.

[7] *People v Schakelford*, 146 Mich App 330; 379 NW2d 487 (1985).

[8] In *Shackelford*, the defendant was tried on a misdemeanor marijuana possession charge that was enhanced to a felony as a second offense. Defendant was convicted of the felony possession charge, but thereafter the prosecutor moved to dismiss the felony enhancement, leaving only the misdemeanor possession charge. *Id.* at 332-333.

Finally, we note that the prosecution's reliance on *People v Goecke*[9] is misplaced. *Goecke* dealt more with the issue of personal jurisdiction than the issue of subject-matter jurisdiction and, more specifically, the question whether the prosecution must proceed by an appeal in the circuit court or by a motion to amend the information in the circuit court when challenging a district court's decision to bind a defendant over on one felony charge but dismiss a different felony charge. This is a significantly different issue from that presented in this case.

In light of our resolution of this issue, we need not address the remaining issues raised by defendant.

Reversed.

---

[9] *People v Goecke*, 457 Mich 442; 579 NW2d 868 (1998).