*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff,

and

ATTORNEY GENERAL,

        Aggrieved Party-Appellant,

v

TYNATHAN AMEIRE FELDER,

        Defendant-Appellee.

UNPUBLISHED
April 21, 2022

No. 357573
Ingham Circuit Court
LC No. 13-000802-FH

Before: BOONSTRA, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

In this interlocutory appeal, appellant, the Attorney General of the State of Michigan (AG) appeals by leave granted[1] the trial court's order granting defendant's postconviction motion for a protective order[2] to obtain information that was the subject of a prior, unsuccessful request under the Michigan Freedom of Information Act (FOIA), MCL 15.231 *et seq*. We affirm.

---

[1] *People v Felder*, unpublished order of the Court of Appeals, entered October 25, 2001 (Docket No. 357573). This Court granted appellant's application "limited to the issue of whether the Court of Claims has exclusive jurisdiction over defendant's request that the Attorney General produce unredacted records."

[2] Defendant's motion was effectively a motion to compel discovery, which the trial court granted with specified protective order conditions.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In 2014, defendant was convicted of several crimes, including eight counts of first-degree criminal sexual conduct involving escorts who advertised on Backpage.com, a website on which escort service ads were commonly posted. This Court affirmed defendant's convictions.[3]

Approximately two years after defendant's convictions, the Ingham County Prosecuting Attorney was charged with several crimes involving the use of escorts, some of whom advertised their services on Backpage.com. Following his resignation from office, the then-former prosecutor eventually pleaded guilty to felony misconduct in office and engaging the services of a prostitute. In June 2020, in preparation for the filing of a motion for relief from judgment under MCR 6.502, defendant's counsel made a FOIA request to the Department of Attorney General for the "entire prosecutorial file" in the former prosecutor's case. On August 14, 2020, the FOIA Coordinator of the Department of Attorney General granted in part and denied in part defendant's FOIA request. The FOIA Coordinator agreed to produce the requested documents in electronic form, but redacted "personally identifiable information of victims and witnesses" in the former prosecutor's case. The FOIA Coordinator also advised defendant's counsel that the decision to redact the materials could be appealed in writing to the AG or that an action could be filed in the Court of Claims within 180 days.

Rather than pursue either of these avenues for challenging the FOIA Coordinator's decision, defendant instead filed a postconviction motion in his criminal case for a protective order requiring production of the unredacted documents, arguing that MCR 2.302(C)[4] allowed the trial court to issue a protective order to protect confidentiality that would adequately safeguard the privacy of the named complainants. Defendant alternatively argued that if the trial court was not willing to order the production of the unredacted documents under a protective order, it could examine the file *in camera*. The AG was served with notice of the hearing on defendant's motion, but did not attend the hearing.[5] The trial court, after commenting on perceived irregularities in defendant's criminal trial, granted defendant's motion. The trial court's order directed the AG to produce "unredacted copies of all discovery previously produced pursuant to the FOIA request submitted," but placed restrictions on who could have access to the information.

---

[3] *People v Felder*, unpublished per curiam opinion of the Court of Appeals, issued March 17, 2016 (Docket No. 324621), lv den 500 Mich 881 (2016).

[4] We note that MCR 2.302(C) applies in civil actions. Defendant was seeking post-conviction relief in a criminal case. However, the Michigan Court Rules also contain rules addressing discovery in criminal proceedings, including post-conviction proceedings. See MCR 6.201, MCR 6.433, MCR 6.507. In any event, such procedural questions are beyond the limited scope of this Court's order granting leave.

[5] A representative of the Ingham County Prosecutor's Office did appear. However, because the prosecutor's office had recused itself from the former prosecutor's case (which was handled by the AG) and was not in possession of the documents, it was unable to take a position on defendant's motion.

The AG moved for reconsideration, arguing for the first time that the trial court lacked subject-matter jurisdiction to decide defendant's motion because the Court of Claims has exclusive jurisdiction over a FOIA appeal. The trial court denied the motion for reconsideration.

The AG filed an application for leave to appeal with this Court to raise the jurisdictional issue, but also argued that even if the circuit court had jurisdiction over defendant's motion, it erred by granting the motion. This Court granted the AG's application in part, limited to the issue of whether the Court of Claims had exclusive jurisdiction over defendant's request for the production of unredacted records.

## II. MOOTNESS

As a threshold issue, defendant asserts that the AG has "waived" all of its arguments because it previously "approved a request from undersigned counsel to view the unredacted documents," and "[s]ince they have already allowed counsel to view the unredacted documents, there is no reason to retain these arguments." According to defendant, the AG allowed counsel to review the documents, subject to certain restrictions, including that counsel was not permitted to retain copies of the documents or take any notes or photographs when reviewing the documents.

Defendant's "waiver" argument is more properly viewed as a claim that this appeal is moot because defendant's counsel has been allowed to review the unredacted documents. Whether a case is moot is a threshold question that this Court will address before reaching the substantive issues in a case. *Gleason v Kincaid*, 323 Mich App 308, 314; 917 NW2d 685 (2018). "An issue is moot when a subsequent event makes it impossible for this Court to grant relief." *Id.* Although defendant's explanation indicates that the AG has already consented to allowing defendant's counsel to review the unredacted information, the explanation also indicates that restrictions were imposed on counsel's access to the information that are not a part of the trial court's order to produce the documents. Therefore, if this appeal were dismissed, defendant could still seek to compel the AG to permit access to the information in additional ways to which it has not consented, such as permitting defense counsel to photocopy the unredacted records or take notes. Accordingly, this appeal is not moot, as it is not impossible for this Court to grant meaningful relief. *Id.*

## III. SUBJECT-MATTER JURISDICTION

Whether a court has subject-matter jurisdiction is a question of law, which this Court reviews de novo. *Hillsdale Co Sr Servs, Inc v Hillsdale Co,* 494 Mich 46, 51; 832 NW2d 728 (2013). This Court also reviews de novo questions of statutory interpretation. *Id*.

The rules governing statutory interpretation apply equally to the interpretation of court rules. *Yudashkin v Holden*, 247 Mich App 642, 649; 637 NW2d 257 (2001). When interpreting a statute, a court's primary goal is to discern and give effect to the intent of the Legislature. *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002). In giving meaning to a statutory provision, this Court considers the provision within the context of the whole statute and must "give effect to every word, phrase, and clause . . . [to] avoid an interpretation that would render any part of the statute surplusage or nugatory." *State Farm Fire & Cas Co Old Republic Ins Co*, 466 Mich 142, 146; 644 NW2d 715 (2002). When statutory terms are undefined, this Court interprets the terms according to their plain and ordinary meaning, considering the context in which the words

are used, and if necessary may consult dictionary definitions to accomplish this task. *Koontz*, 466 Mich at 312; *Yudashkin*, 247 Mich App at 649-650.

This Court discussed the respective jurisdiction of the Court of Claims and the circuit court in *O'Connell v Dir of Elections*:

> "The Court of Claims is created by statute and the scope of its subject-matter jurisdiction is explicit." *Dunbar v Dep't of Mental Health*, 197 Mich App 1, 5; 495 NW2d 152 (1992). Conversely, the circuit court is "a court of general equity jurisdiction," *Universal Am-Can Ltd v Attorney General*, 197 Mich App 34, 37; 494 NW2d 787 (1992), and its subject-matter jurisdiction is generally set forth by our 1963 Constitution:
>
> > The circuit court shall have *original jurisdiction in all matters not prohibited by law*; appellate jurisdiction from all inferior courts and tribunals except as otherwise provided by law; *power to issue, hear and determine prerogative and remedial writs*; supervisory and general control over inferior courts and tribunals within their respective jurisdictions in accordance with rules of the supreme court; *and jurisdiction of other cases and matters as provided by rules of the supreme court*. [Const 1963, art 6, § 13 (emphasis added).]
>
> MCL 600.605 provides:
>
> > Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state.
>
> "Thus, the circuit court is presumed to have subject-matter jurisdiction over a civil action unless Michigan's Constitution or a statute expressly prohibits it from exercising jurisdiction or gives to another court exclusive jurisdiction over the subject matter of the suit." *Teran v Rittley*, 313 Mich App 197, 206; 882 NW2d 181 (2015). [*O'Connell v Dir of Elections*, 316 Mich App 91, 101; 891 NW2d 240 (2016).]

Further, MCL 767.1 generally grants the circuit court jurisdiction over all criminal cases, subject to certain exceptions not applicable here. See *People v Reid*, 288 Mich App 661, 662; 795 NW2d 159 (2010), rev'd in part on other grounds 488 Mich 917 (2010). The parties do not dispute that the circuit court has jurisdiction over defendant's criminal case. However, the AG argues that the trial court's jurisdiction did not extend to deciding what it characterizes as an appeal of a FOIA denial. We disagree.

## A. JURISDICTION UNDER FOIA

MCL 15.235 provides as follows with respect to appeals of a public body's FOIA decision:

(8) If a public body makes a final determination to deny in whole or in part a request to inspect or receive a copy of a public record or portion of that public record, the requesting person may do either of the following:

(a) Appeal the denial to the head of the public body under section 10.

(b) Commence a civil action, under section 10.

With respect to commencing a civil action, § 10 of the FOIA, MCL 15.240, provides:

(1) If a public body makes a final determination to deny all or a portion of a request, the requesting person may do 1 of the following at his or her option:

(a) Submit to the head of the public body a written appeal that specifically states the word "appeal" and identifies the reason or reasons for reversal of the denial.

(b) Commence a civil action in the circuit court, *or if the decision of a state public body is at issue, the court of claims*, to compel the public body's disclosure of the public records within 180 days after a public body's final determination to deny a request. (Emphasis added).

With respect to the jurisdiction of the Court of Claims, MCL 600.6419 provides:

(1) Except as provided in [MCL 600.6421 and MCL 600. 6440[6]] the jurisdiction of the court of claims, as conferred upon it by this chapter, *is exclusive*. All actions initiated in the court of claims shall be filed in the court of appeals. The state administrative board is vested with discretionary authority upon the advice of the attorney general to hear, consider, determine, and allow any claim against the state in an amount less than $1,000.00. Any claim so allowed by the state administrative board shall be paid in the same manner as judgments are paid under section 64582 upon certification of the allowed claim by the secretary of the state administrative board to the clerk of the court of claims. Except as otherwise provided in this section, the court has the following power and jurisdiction:

(a) To hear and determine any claim or demand, statutory or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for monetary, equitable, or declaratory relief or any demand for an extraordinary writ against the state or any of its departments or officers notwithstanding another law that confers jurisdiction of the case in the circuit court.

(b) To hear and determine any claim or demand, statutory or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for monetary, equitable, or declaratory relief or any demand for an extraordinary writ that may be pleaded by way of counterclaim on the part of the state or any of its departments or officers against any claimant who may bring an action in the court of claims. Any

---

[6] MCL 600.6421 involves the continued right to jury trials. MCL 600.6440 involves claims when an adequate federal remedy exists.

claim of the state or any of its departments or officers may be pleaded by way of counterclaim in any action brought against the state or any of its departments or officers. [Emphasis added.]

Taken together, these provisions support the AG's argument that any appeal of its FOIA decision would indeed have to be pursued either with the AG or by commencing a civil action in the Court of Claims. Defendant did neither.

## B. DEFENDANT'S MOTION WAS NOT A FOIA APPEAL

However, we do not agree with the AG's characterization of defendant's motion as a de facto FOIA appeal. "The determination whether the Court of Claims possesses jurisdiction is governed by the actual nature of the claim, not how the parties characterize the nature of the claim or phrase the request for relief." *AFSCME Council 25 v State Employees' Ret Sys*, 294 Mich App 1, 6; 818 NW2d 337, 342 (2011).

The FOIA request was not the only way for defendant to obtain the information he sought. Although defendant's motion for protective order referred to the prior FOIA request, it did so only in the context of providing background information for explaining why the requested information was needed. Significantly, the motion did not cite any provision in FOIA as authority for requiring disclosure of the requested information. Rather, the motion relied exclusively on the trial court's authority to issue a protective order as part of discovery. In other words, defendant's motion asserted that the trial court had the authority–independent of the FOIA–to issue a protective order to compel production of the requested information. Accordingly, the motion was not in substance an appeal of the prior FOIA decision. The AG has not provided this Court with any authority, and this Court has found none, for the proposition that criminal defendants who have made an unsuccessful FOIA inquiry of a state agency may not thereafter avail themselves of the criminal discovery process to attain it. It is clear in this case that defendant sought to assert his rights as a criminal defendant under the Michigan Court Rules, not merely his right as a member of the public to obtain the disclosure of information regarding government affairs or the official actions of governmental officials and employees. See MCL 15.231(2); see also *Taylor v Lansing Bd of Water & Light*, 272 Mich App 200, 204; 725 NW2d 84 (2006). Therefore, the Court of Claims did not have exclusive jurisdiction.

## C. EQUITABLE JURISDICTION

The AG also argues that defendant's request should be considered a demand for specific performance (and therefore a demand for equitable relief); according to the AG, it consequently is subject to the exclusive jurisdiction of the Court of Claims under MCL 600.6419(1)(a), which provides for exclusive jurisdiction in the Court of Claims for, among other claims, "any demand for . . . equitable, or declaratory relief . . . against the state or any of its departments or officers notwithstanding another law that confers jurisdiction of the case in the circuit court." We disagree.

In support of its argument, the AG cites *Forest City Enterprises, Inc v Leemon Oil Co*, 228 Mich App 57; 577 NW2d 150 (1998), which defined "equitable relief" as "[t]hat species of relief sought in a court with equity powers as, for example, in the case of one seeking an injunction or specific performance instead of money damages." *Id*. at 79, quoting Black's Law Dictionary (5th ed), p 484; see also *Terlecki v Stewart*, 278 Mich App 644, 663; 754 NW2d 899 (2008) ("It is well

settled that an injunction is an equitable remedy, not an independent cause of action."). But defendant did not initiate a separate proceeding against the AG for equitable or declaratory relief. Rather, defendant moved for a protective order in his criminal case. The trial court's authority to decide discovery issues and issue protective orders in a criminal proceeding stems from MCR 6.201. See *Dep't of Health & Human Servs v Genesee Circuit Judge*, 318 Mich App 395, 408-409; 899 NW2d 57 (2016). This authority is not synonymous with the court's ability to grant equitable relief, but is more closely aligned with the trial court's express authority to direct and control the proceedings before it and to enforce its own orders. See MCL 600.611; see also *In re Moroun*, 295 Mich App 312, 330; 814 NW2d 319 (2012). We decline to adopt the AG's argument, which would require every criminal discovery request involving a state actor (or at least every discovery request for which a FOIA request had been made and denied) to be decided in the Court of Claims. Our conclusion is strengthened by the fact that "there is a presumption against divesting a court of its jurisdiction once it has properly attached, and any doubt is resolved in favor of retaining jurisdiction." *People v Veling*, 443 Mich 23, 32; 504 NW2d 456 (1993).

## IV. CONCLUSION

We conclude that the Court of Claims does not have exclusive jurisdiction with respect to defendant's motion for a protective order, notwithstanding the fact that the information sought was the subject of a previous FOIA request. The AG has not shown that defendant's motion for a protective order was a de facto appeal of the earlier FOIA decision, such that it was subject to the exclusive jurisdiction of the Court of Claims. Further, the motion did not involve an equitable claim or cause of action against the AG that would be within the jurisdiction of the Court of Claims under MCL 600.6419(1)(a). *Terlecki*, 278 Mich App at 663. The trial court had subject-matter jurisdiction with respect to defendant's motion.

As noted, the jurisdictional issue was the only issue for which leave to appeal was granted; therefore, it is the only issue we have considered. See MCR 7.205(E)(4). To the extent that there may be questions whether defendant or the trial court followed proper procedures for obtaining or subpoenaing records from the AG, or whether the trial court otherwise abused its discretion by issuing the protective order, those questions are beyond the limited scope of this appeal.

Affirmed.

/s/ Mark T. Boonstra
/s/ Michael J. Kelly
/s/ Brock A. Swartzle