*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DAVID J. CRAMER,

       Defendant-Appellant.

UNPUBLISHED
July 14, 2022

No. 359333
Bay Circuit Court
LC No. 20-010298-FH

Before: GLEICHER, C.J., and GADOLA and YATES, JJ.

PER CURIAM.

Defendant was initially charged with operating a vehicle while intoxicated (OWI), which is a misdemeanor, MCL 257.625(1) and (9)(a), and OWI causing serious injury, which is a felony, MCL 257.625(5)(a). After defendant waived a preliminary examination and the case was bound over, the circuit court granted the prosecutor's request to dismiss the OWI causing serious injury charge and remanded the case to district court for further proceedings on the remaining OWI charge. Defendant appeals by delayed leave granted, arguing that the circuit court erred by remanding the case to district court. Because the circuit court was vested with jurisdiction over the misdemeanor charge when defendant was bound over on a felony charge that arose out of the same transaction, and the circuit court was not divested of that jurisdiction upon dismissal of the felony charge, we reverse the circuit court's remand order and return this case to the circuit court for further proceedings on the OWI charge.

Defendant was charged with OWI and OWI causing serious injury in connection with an automobile accident on February 7, 2020. Defendant waived his right to a preliminary examination in district court, and the district court bound the matter over to circuit court. Defendant argues that the circuit court erred when, after granting the prosecutor's request to dismiss the felony charge of OWI causing serious injury, it remanded the case to district court for further proceedings on the OWI charge. We agree.

The parties disagree whether the statutes and court rules required or authorized the circuit court to remand this case to district court upon dismissal of the felony charge. Questions of statutory interpretation are reviewed de novo. *People v Thomas*, 263 Mich App 70, 73; 687 NW2d

598 (2004). The proper interpretation and application of a court rule is also a question of law that this Court reviews de novo. *People v Martinez*, 307 Mich App 641, 647; 861 NW2d 905 (2014).

The overriding goal when interpreting a statute is to "give effect to the Legislature's intent." *People v Peltola*, 489 Mich 174, 181; 803 NW2d 140 (2011). "The most reliable indicator of the Legislature's intent is the words in the statute." *Id*. Courts should "interpret those words in light of their ordinary meaning and their context within the statute and read them harmoniously to give effect to the statute as a whole." *Id*. "Moreover, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory." *Id*. (Quotation marks and citation omitted). "If the statutory language is unambiguous, no further judicial construction is required or permitted because we presume the Legislature intended the meaning that it plainly expressed." *Id*. "The rules of statutory construction also apply to court rules." *Martinez*, 307 Mich App at 647.

Initially, we note that after the circuit court remanded this case to district court, the district court relied on MCR 6.104 to conclude that it did not have jurisdiction. However, that rule addresses arraignments on the warrant and complaint. It does not concern bindovers, the jurisdiction of the district court or circuit court, or remands to the district court.

Plaintiff relies on MCR 6.008 and MCR 6.110(H) in support of the argument that the circuit court properly remanded this case to district court. MCR 6.008 provides, in pertinent part:

> **(A) District Court.** The district court has jurisdiction over all misdemeanors and all felonies through the preliminary examination and until the entry of an order to bind the defendant over to the circuit court.
>
> **(B) Circuit Court.** The circuit court has jurisdiction over all felonies from the bindover from the district court unless otherwise provided by law. . . .

Although MCR 6.008(B) clearly provides that the circuit court has jurisdiction over all felonies after a bindover from district court, it does not discuss the circuit court's jurisdiction when, after a bindover on a felony charge, that charge is later dismissed and only a misdemeanor charge remains, and it does not otherwise require that such a case be remanded to district court.

MCR 6.110(H) authorizes a circuit court to either dismiss an information or remand a case to district court for further proceedings if it finds a violation of the rules governing preliminary examinations. Specifically, MCR 6.110(H) provides: "If, on proper motion, the trial court finds a violation of subrule (C), (D), (E), or (F), it must either dismiss the information or remand the case to the district court for further proceedings." In this case, however, defendant waived his right to a preliminary examination and the trial court did not find a violation of one of the prescribed subrules. We agree with defendant that the rules cited by plaintiff do not contain a provision that allows a circuit court, having been vested with jurisdiction over a case, to remand the case to district court upon stipulation of the parties under circumstances not prescribed in the rules.

We next must determine whether dismissal of the felony charge divested the circuit court of jurisdiction over the remaining misdemeanor charge. In *Prime Time Int'l Distrib, Inc v Dep't of Treasury*, 322 Mich App 46, 51; 910 NW2d 683 (2017), this Court explained:

Circuit courts are courts of general jurisdiction that derive their power from the Michigan Constitution. The Constitution states that "[t]he circuit court shall have original jurisdiction in all matters not prohibited by law; appellate jurisdiction from all inferior courts and tribunals except as otherwise provided by law; . . . and jurisdiction of other cases and matters as provided by rules of the supreme court." Const 1963, art 6, § 13.

MCL 767.1 provides that circuit courts have jurisdiction over criminal matters. The statute states:

The several circuit courts of this state, the recorders' courts and any court of record having jurisdiction of criminal causes, shall possess and may exercise the same power and jurisdiction to hear, try and determine prosecutions upon informations for crimes, misdemeanors and offenses, to issue writs and process and do all other acts therein as they possess and may exercise in cases of like prosecutions upon indictments. [MCL 767.1.]

Conversely, district courts have jurisdiction of "[m]isdemeanors punishable by a fine or imprisonment not exceeding 1 year, or both." MCL 600.8311(a). In this case, defendant was charged with both OWI causing serious injury, which is a felony, and OWI, which is a misdemeanor. When a defendant "is charged with a felony and a misdemeanor, the circuit court has jurisdiction to dispose of the entire case, even though a circuit court has no jurisdiction over misdemeanor charges alone." *People v Veling*, 443 Mich 23, 33; 504 NW2d 456 (1993).

In *People v Reid*, 288 Mich App 661, 662; 795 NW2d 159 (2010), rev'd 488 Mich 917 (2010), the defendant was charged with OWI, a misdemeanor, and felony drug possession. On the day before trial, the prosecutor moved to dismiss the drug possession charge after discovering that the defendant had a prescription for the pills that were the basis for the charge. *Id.* The defendant proceeded to trial only on the OWI charge, was convicted of that charge, and sentenced to 93 days in jail. *Id.* This Court held that once the drug possession charge was dismissed, leaving only a misdemeanor charge that was within the jurisdiction of the district court, "the appropriate course of action for the circuit court was to remand the matter to the district court rather than for the circuit court to proceed to trial solely on the misdemeanor charge." *Id.* at 663. Our Supreme Court, in a peremptory order, reversed this Court's decision, stating, in pertinent part:

[W]e REVERSE the Court of Appeals decision that the circuit court did not have jurisdiction to try the defendant's misdemeanor charge once the felony charge was dismissed on the day of trial. The circuit court was vested with jurisdiction over the misdemeanor charge because the defendant was charged with a felony and a misdemeanor that arose out of the same criminal transaction. Once jurisdiction has properly attached, any doubt is resolved in favor of retaining jurisdiction. *People v Veling,* 443 Mich 23, 32[;] 504 NW2d 456 (1993). Moreover, "any legislative intent to divest jurisdiction once it has properly attached must be clearly and unambiguously stated." *Id.* at 32 n 13, citing *Leo v Atlas Industries, Inc*, 370 Mich 400, 402[;] 121 NW2d 926 (1963). Although MCL 600.8311(a) provides that the district court shall have jurisdiction over misdemeanors punishable by not more

than one year in jail, it does not expressly divest the circuit court of jurisdiction in the circumstances of this case.  [*People v Reid*, 488 Mich 917 (2010).]

Also, in *Veling*, the Supreme Court favorably discussed this Court's decision in *People v Shackelford*, 146 Mich App 330; 379 NW2d 487 (1985), which provides additional support for the conclusion that the circuit court retains jurisdiction over a misdemeanor charge after the prosecution dismisses an additional felony charge.  In *Shackelford*, the defendant was tried in circuit court on a misdemeanor charge of possession of marijuana.  *Id.* at 331.  Jurisdiction was conferred on the circuit court because the defendant was also charged as a second controlled substance offender under MCL 333.7413, which exposed the defendant to an enhanced penalty within the jurisdiction of the circuit court.  *Id.* at 332.  After trial, however, the prosecutor moved to dismiss the second-offender charge.  *Id.*  On appeal before this Court, the defendant argued that the circuit court had no jurisdiction to pass sentence after the dismissal of the second offender charge.  *Id.* at 332-333.  Our Court rejected that argument, holding that "[t]o the extent that there was both a misdemeanor and felony count properly lodged before the circuit court arising, at least in part, out of the same case, there is no doubt that the circuit court had jurisdiction to try both counts."  *Id.* at 333.

In the instant case, the circuit court was vested with jurisdiction over the OWI charge, even though it was a misdemeanor, because defendant was also charged with OWI causing serious injury, a felony.  Even after the circuit court dismissed the OWI causing serious injury charge at the parties' request, the circuit court retained jurisdiction over the OWI charge.  Contrary to what plaintiff argues, the fact that the parties stipulated to remand the case to district court should not compel a different result.  Parties may not stipulate to a court's jurisdiction, nor may it be waived by a failure to object.  *People v Lown*, 488 Mich 242, 268; 794 NW2d 9 (2011); *Travelers Ins Co v Detroit Edison Co*, 465 Mich 185, 204; 631 NW2d 733 (2001).

Plaintiff cites *People v Acosta*, 143 Mich App 95; 371 NW2d 484 (1985), in support of its argument that the circuit court properly remanded this case to district court after the felony charge was dismissed.  In *Acosta*, the defendant was charged with felonious assault, MCL 750.82, which is a felony.  *Id.* at 97.  Pursuant to a plea agreement, he agreed to enter a plea to a reduced charge of aggravated assault, MCL 750.81a, which is a misdemeanor.  *Id.*  Therefore, the circuit court remanded the case to district court for entry of the plea.  *Id.*  The defendant absconded, however, without entering the plea.  *Id.*  The district court thereafter granted the prosecutor's motion to return the case to circuit court, which then voided the plea agreement and reinstated the original charge.  *Id.* at 97-98.  This Court held that the circuit court did not err by granting the prosecutor's motion to void the plea agreement.  *Id.* at 99.

Although *Acosta* involved a situation in which a circuit court remanded a case to district court when the sole remaining charge was a misdemeanor, the question whether a remand was permissible or required in that situation was not an issue on appeal or addressed by this Court.  Rather, the issue presented to this Court concerned whether the prosecution continued to be bound by the plea agreement after the defendant absconded and failed to enter a plea.  This Court did not discuss MCR 6.008 or MCR 6.110(H), or otherwise address the respective jurisdictions of the district court and circuit court in that case.  Thus, it neither addressed nor answered the question presented in the instant case.  Moreover, the procedure in *Acosta* does not appear to be supported by MCR 6.008(C), which provides that "[t]he circuit court retains jurisdiction over any case in

-4-

which a plea is entered or a verdict rendered to a charge that would normally be cognizable in the district court." Accordingly, plaintiff's reliance on *Acosta* is misplaced.

In light of the foregoing, we hold that the circuit court erred when it remanded this case to district court after dismissing the felony charge of OWI causing serious injury. The circuit court, having been vested with jurisdiction over the misdemeanor charge because defendant was also charged with a felony that arose out of the same transaction, was not divested of that jurisdiction upon dismissal of the felony charge. Accordingly, we reverse the circuit court's remand order and remand this case to the circuit court for further proceedings on the OWI charge.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Christopher P. Yates